# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# WESTERN DIVISION

No. _____

| | |
|---|---|
| VIRGINIA WASSERBERG, REPUBLICAN NATIONAL COMMITTEE and NORTH CAROLINA REPUBLICAN PARTY<br><br>Plaintiffs,<br>v.<br><br>NORTH CAROLINA STATE BOARD OF ELECTIONS, et al.,<br><br>Defendants. | **NOTICE OF REMOVAL OF CIVIL ACTION No. 24-CV-27855-910 FROM WAKE COUNTY SUPERIOR COURT** |

TO: The United States District Court for the Eastern District of North Carolina

PLEASE TAKE NOTICE that Defendants remove Civil Action No. 24-CV-27855-910 from the North Carolina Superior Court for Wake County to this Honorable Court pursuant to 28 U.S.C. §§ 1443(2) and 1446. In support of this Notice, Defendants state the following:

1. On September 3, 2024, Plaintiffs filed a complaint in North Carolina Superior Court for Wake County.

2. Defendants accepted service on September 10, 2024.

3. The complaint seeks a declaratory ruling that Defendants' guidance on processing absentee ballots violates Chapter 163 of the North Carolina General Statutes. However, Defendants' guidance is based on their obligation to comply with 52 U.S.C. § 10101(2)(B). This provision provides,

> No person acting under color of law shall . . . deny the right of any individual to vote in any election because of an error or omission on any record or paper relating to any application, registration, or other act requisite to voting, if such error or omission is not material in determining whether such

individual is qualified under State law to vote in such election."

52 U.S.C. § 10101(2)(B). This provision is commonly referred to as the Materiality Provision of the Voting Rights Act, or VRA.

4. The VRA's overarching objective is to achieve racial equality in voting. *See, e.g., Jackson v. Riddell*, 476 F. Supp. 849 (N.D. Miss. 1979); *Whatley v. City of Vidalia*, 399 F.2d 521 (5th Cir. 1968); *O'Keefe v. New York City Bd. of Elections*, 246 F. Supp. 978, 980 (S.D.N.Y. 1965).

5. Any action commenced in a state court may be removed to the district court of the United States where it is pending when the action is based on "any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law." 28 U.S.C. § 1443.

6. Because Plaintiffs seek relief for Defendants' refusal to do an "act on the ground that [the act] would be inconsistent" with 52 U.S.C. § 10101(2)(B), removal is proper. 28 U.S.C. § 1443(2).

7. Many courts, including those in this district, have held that various provisions of the VRA permit removal under 28 U.S.C. § 1443(2). *See, e.g., Cavanagh v. Brock*, 577 F. Supp. 176, 180 (E.D.N.C. 1983) ("Defendants, in their petition for removal, asserted as a defense . . . that the action challenged was compelled by the Voting Rights Act and the equal protection clause," which was a "colorable federal defense in the removal papers suffic[ient] to make removal—and therefore jurisdiction—proper pursuant to 28 U.S.C. § 1443(2).").[1]

---

[1] *See also Voketz v. City of Decatur*, 2020 WL 5529618, at *3 (N.D. Ala. Sept. 15, 2020) (explaining that "violat[ions] [of] either § 2 of the VRA . . . or the Equal Protection Clause . . . established a colorable conflict between state and federal law"); *Smith v. Winter*, 717 F.2d 191, 194 (5th Cir. 1983) ("Because it confers rights specifically in terms of racial equality, the Voting Rights Act may support § 1443 removal.") (citing *Whatley*, 399 F.2d at 526); *Neal v. Wilson*, 920 F. Supp. 976, 985 (E.D. Ark. 1996), *aff'd*, 112 F.3d 351 (8th Cir. 1997) ("the Voting Rights Act confers rights specifically in terms of racial equality and has been held to support removal under

8. This removal petition is timely under 28 U.S.C. 1446(b).

9. Pursuant to Local Rule 5.3(a)(1), copies of all process and pleadings are attached to this petition as separate, distinctly titled exhibits. Defendants are also filing Notice of Removal in the North Carolina Superior Court for Wake County, as required by 28 U.S.C. 1446(d), and have requested a complete copy of the state court file to be transmitted to this Court. A copy of that notice is attached.

Wherefore, Defendants remove to this Court Civil Action No. 24-CV-27855-910 from the North Carolina Superior Court to the United States District Court for the Eastern District of North Carolina.

Respectfully submitted, this 9th day of October, 2024.

NORTH CAROLINA
DEPARTMENT OF JUSTICE

/s/ Laura H. McHenry
Laura H. McHenry
Special Deputy Attorney General
N.C. State Bar No. 45005
Email: lmchenry@ncdoj.gov

/s/ Mary Carla Babb
Mary Carla Babb
Special Deputy Attorney General
N.C. State Bar No. 25731
Email: mcbabb@ncdoj.gov

---

§ 1443") (citing *Smith*, 717 F.2d 191); *O'Keefe*, 246 F. Supp. at 980 ("removal to this court was warranted by [§ 1443(2)] in that the action was brought against the [New York City] Board [of Elections], an official body, for acting under color of authority derived from § 4(e) of the Voting Rights Act, which is a law providing for equal rights"). *But see Nevin v. People of State of Cal.*, 413 F. Supp. 1039, 1043 (N.D. Cal. 1976) (denying § 1443(1) removal and granting remand to state court, noting that 52 U.S.C. § 10502 of the Voting Rights Act "is not framed in terms of 'racial equality'").

North Carolina Dept. of Justice
Post Office Box 629
Raleigh, N.C. 27602
Tele No.: (919) 716-6900
Fax No.: (919) 716-6763
*Counsel for State Board Defendants*

# CERTIFICATE OF SERVICE

This is to certify that the undersigned has this day served the foregoing NOTICE OF REMOVAL in the above-titled action upon all parties to this cause by filing it electronically with the Clerk of Court using the CM/ECF system and by electronic mail as follows:

BAKER DONELSON BEARMAN, CALDWELL & BERKOWITZ, PC
John E. Branch III
Thomas G. Hooper
2235 Gateway Access Point, Suite 220
Raleigh, NC 27607
Ph: (984) 844-7900
jbranch@bakerdonelson.com
thooper@bakerdonelson.com

*Counsel for Plaintiffs*

PATTERSON HARKAVY LLP
Narendra K. Ghosh
100 Europa Drive, Suite 420
Chapel Hill, NC 27217
Ph: (919) 942-5200
nghosh@pathlaw.com

ELIAS LAW GROUP LLP
Uzoma Nkwonta
Justin Baxenberg
Richard A. Medina
Julie Zuckerbrod
250 Massachusetts Ave, Suite 400
Washington, D.C. 20001
Ph: (202) 968-4490
unkwonta@elias.law
jbaxenberg@elias.law
rmedina@elias.law
jzuckerbrod@elias.law

*Attorneys for Proposed Intervenor Defendant*

This the 9th day of October, 2024.

/s/ Laura H. McHenry
Laura H. McHenry
Special Deputy Attorney General