# Exhibit A

| | |
|---|---|
| STATE OF NORTH CAROLINA | IN THE GENERAL COURT OF JUSTICE |
| | SUPERIOR COURT DIVISION |
| COUNTY OF WAKE | 24-CVS-_____ |

| | |
|---|---|
| VIRGINIA WASSERBERG, NORTH CAROLINA REPUBLICAN PARTY, and REPUBLICAN NATIONAL COMMITTEE,<br><br>    Plaintiffs,<br><br>v.<br><br>NORTH CAROLINA STATE BOARD OF ELECTIONS, ALAN HIRSCH, in his Official Capacity as the Chair of and a Member of the North Carolina State Board of Elections, JEFF CARMON, in his Official Capacity as the Secretary of and a Member of the North Carolina State Board of Elections, KEVIN N. LEWIS, in his Official Capacity as a Member of the North Carolina State Board of Elections, SIOBHAN O'DUFFY MILLEN, in her Official Capacity as a Member of the North Carolina State Board of Elections, STACY "FOUR" EGGERS IV, in his Official Capacity as a Member of the North Carolina State Board of Elections, and KAREN BRINSON BELL, in her Official Capacity as Executive Director of the North Carolina State Board of Elections,<br><br>    Defendants. | **COMPLAINT<br>&<br>PETITION** |

Pursuant to Rules 3, 57, and 65 of the North Carolina Rules of Civil Procedure and N.C. Gen. Stat. §§ 1-253, et seq. and 150B-43, et seq., Plaintiffs file this Complaint against Defendants, and allege and say as follows:

## INTRODUCTION

1. In *Purcell v. Gonzalez*, 549 U.S. 1, 4 (2006), the Supreme Court of the United States correctly observed that: "Voters who fear their legitimate votes will be outweighed by fraudulent ones will feel disenfranchised."

2. The North Carolina General Assembly has enacted a series of detailed statutes aimed at preventing electoral fraud with respect to absentee voting. Among those statutes is N.C. Gen. Stat. § 163-231(a)(3), which requires that an absentee voter place his or her ballot in a special envelope called a "container-return envelope" that satisfies several statutorily prescribed requirements. Then, pursuant to that same statute, the voter must "securely seal" the container-return envelope "or have this done in the voter's presence." N.C. Gen. Stat. § 163-229(b)(1) requires that the voter certify on the application printed on the container-return envelope that the voter voted the ballot enclosed in that container-return envelope. Two witnesses or one notary public must sign that container-return envelope. Then, the sealed container-return envelope must be submitted to the appropriate county board of elections so that the absentee ballot may be counted.

3. The steps carefully outlined by the General Assembly in the General Statutes for absentee voting, including those described above, help ensure that the voter entitled to vote the absentee ballot in the container-return envelope is the one who actually marks that ballot and that the ballot is not tampered with between the time the ballot is marked and sealed in the container-return envelope and the time the container-return envelope is unsealed by the appropriate county board of elections and the ballot is counted.

4. Unfortunately, the North Carolina State Board of Elections (the "**State Board**" or the "**NCSBE**"), has issued guidance in a document titled Numbered Memo 2021-03 (the "**Numbered Memo**") to North Carolina's county boards of elections that undermines the protections afforded by the General Assembly's carefully drafted absentee-voting statutes.

5. In N.C. Gen. Stat. § 163-22(a), the North Carolina General Assembly delegated certain limited powers to the NCSBE; weakening voter-fraud laws contained in Chapter 163 of the

2

Case 5:24-cv-00578-M   Document 1-3   Filed 10/09/24   Page 3 of 18

General Statutes was not one of those powers:

> The State Board shall have general supervision over the primaries and elections in the State, and it shall have authority to make such reasonable rules and regulations with respect to the conduct of primaries and elections as it may deem advisable ***so long as they do not conflict with any provisions of this Chapter***.

(Emphasis added.)

6. Yet, the Numbered Memo directly conflicts with several provisions of Chapter 163 of the General Statutes.

7. Specifically, the plain and unequivocal language of N.C. Gen. Stat. § 163-231(a), § 163-231(a)(3), § 163-231(b), and § 163-230.1(d) requires that an absentee ballot must be received by the proper county board of elections in a sealed envelope for the ballot to be counted.

8. Nevertheless, in contravention of the General Statutes' clear and unmistakable directives, Numbered Memo 2021-03 advises county boards of elections that an absentee ballot may be counted even if it is not submitted in a sealed container-return envelope.

9. Plaintiffs attempted through a request for declaratory ruling submitted to the NCSBE to convince the NCSBE that the Numbered Memo was wrong, but the NCSBE issued a declaratory ruling rejecting Plaintiffs' arguments.

10. Left with no other means to address the NCSBE's error, Plaintiffs now file this lawsuit petitioning the Court to make a ruling reversing the NCSBE's declaratory ruling and further requesting that the Court enter a declaratory judgment and injunctive relief correcting the NCSBE's erroneous interpretation of the General Statutes and the guidance that the NCSBE has given to county boards of elections across the State of North Carolina.

## PARTIES, JURISDICTION & VENUE

11. Plaintiff Virginia Wasserberg is a citizen and resident of, and duly and properly registered to vote in, Pasquotank County, North Carolina. Ms. Wasserberg voted by absentee mail-

3

in ballot in the March 2024 primary election and has submitted her application to vote via absentee mail-in ballot in the upcoming November 2024 election.

12. Plaintiff North Carolina Republican Party ("**NCGOP**"), founded in 1867, is a political party as defined in Article 9 of Chapter 163 of the North Carolina General Statutes and is the state political organization of the Republican Party. A significant part of the NCGOP's mission is to support Republican candidates running in North Carolina elections.

13. Plaintiff Republican National Committee ("**RNC**") is the national committee of the Republican Party as defined by 52 U.S.C. § 30101(14) and is a political party as defined in Article 9 of Chapter 163 of the North Carolina General Statutes. The RNC manages the Republican Party's business at the national level, supports Republican candidates for public office at all levels, including in North Carolina, coordinates fundraising and election strategy, develops and promotes the national Republican platform, and communicates the Republican Party's positions and messages to voters.

14. To help elect Republican candidates for office in North Carolina, the RNC makes considerable expenditures directly in this state and through its support of the NCGOP. The RNC also assists the NCGOP and its county party chairs in recruiting, training, and appointing at-large election observers and intends to continue its assistance for the upcoming election. Additionally, the RNC educates voters on the laws that govern the voting process in North Carolina.

15. Defendant North Carolina State Board of Elections is the agency created by the North Carolina General Assembly and is responsible, pursuant to N.C. Gen. Stat. § 163-22, for the administration of North Carolina's election laws.

16. Defendant Alan Hirsch is a Member and the Chair of the NCSBE, and Plaintiffs are suing Mr. Hirsch in that official capacity.

17. Defendant Jeff Carmon is a Member and the Secretary of the NCSBE, and Plaintiffs are suing Mr. Carmon in that official capacity.

18. Defendant Kevin N. Lewis is a Member of the NCSBE, and Plaintiffs are suing Mr. Lewis in that official capacity.

19. Defendant Siobhan O'Duffy Millen is a Member of the NCSBE, and Plaintiffs are suing Ms. Millen in that official capacity.

20. Defendant Stacy "Four" Eggers IV is a Member of the NCSBE, and Plaintiffs are suing Mr. Eggers in that official capacity.

21. Defendant Karen Brinson Bell is the Executive Director of the NCSBE, and Plaintiffs are suing Ms. Bell in that official capacity.

22. This Court has jurisdiction over this action pursuant to N.C. Gen. Stat. §§ 1-253, et seq., N.C. Gen. Stat. § 7A-245, and N.C. Gen. Stat. §§ 150B-43, et seq.

23. This Court is the proper venue for this action pursuant to N.C. Gen. Stat. § 163-22(*l*) and § 1-82.

## BACKGROUND

### North Carolina Law Requires that Absentee Ballots be Sealed in Container-Return Envelopes

24. Under N.C. Gen. Stat. § 163-230.1, a North Carolina voter may request absentee ballots from the board of elections for the county in which the voter is properly registered to vote.

25. Once a voter's request has been submitted, the county board of elections is then required by N.C. Gen. Stat. § 163-230.1(a)(1)-(4) to mail the following four items to the voter:

    a. the official ballots that the voter is entitled to vote;

5

b. a container-return envelope, which meets specific statutory requirements and in which the voter's absentee ballots must be submitted to the county board of elections;

  c. an instruction sheet; and

  d. a clear statement of the requirement that the voter provide a photocopy of a legally acceptable form of identification or an alternative affidavit demonstrating why such identification should not be provided.

26. N.C. Gen. Stat. § 163-229(b) requires each county board of elections to print an application on the outside of the container-return envelope that must include the following:

  a. a certification, to be completed by the absentee voter, certifying his or her eligibility to vote the ballot enclosed in the container-return envelope and certifying that he or she voted the ballot that is enclosed in the container-return envelope;

  b. a space for identification of the container-return envelope with the voter and the voter's signature;

  c. a space for the signatures, printed names, and addresses of two witnesses or one notary public who witnessed the voter casting his or her absentee ballots;

  d. a space for the name and address of any person who, being legally permitted to do so, assisted the absentee voter in casting the ballots;

  e. a space for approval by the county board of elections;

  f. a space for reporting if the voter's name has changed;

  g. a list of certain acts related to absentee voting that are unlawful;

    h.    an area to attach documents satisfying the requirement that the voter provide a legally acceptable form of identification for him- or herself; and

    i.    a bar code or other unique identifier used to track the voter's ballots.

27.    N.C. Gen. Stat. § 163-231(b) requires that, after the voter completes his or her absentee ballot, the voter must submit that ballot to the county board of elections in the container-return envelope.

28.    Several General Statutes further specifically require that the container-return envelope must be sealed before absentee ballots are returned to and counted by a county board of elections:

    a.    N.C. Gen. Stat. § 163-231(a)(3) requires that the voter must place his or her "folded ballots *in the container-return envelope and securely seal it* or have this done in the voter's presence." (Emphasis added.)

    b.    Similarly, N.C. Gen. Stat. § 163-230.1(d) specifically provides that an application for an absentee ballot "shall be completed and signed by the voter personally, the ballots marked, the ballots *sealed in the container-return envelope*, and the certificate [on the sealed container-return envelope] completed as provided in G.S. 163-231." (Emphasis added.)

    c.    N.C. Gen. Stat. § 163-231(a) provides directions for transmitting "*the sealed container-return envelope*, with the ballots enclosed," to the appropriate county board of elections. (Emphasis added.)

    d.    N.C. Gen. Stat. § 163-231(b) describes in detail how "*[t]he sealed container-return envelope* in which executed absentee ballots have been

7

placed shall be transmitted to the county board of elections who issued those ballots." (Emphasis added.)

**Numbered Memo 2021-03**

29. On June 11, 2021, Defendant Karen Brinson Bell, acting as the NCSBE's Executive Director, issued Numbered Memo 2021-03 on the NCSBE's behalf (the "***Numbered Memo***"). A true and accurate copy of the Numbered Memo is attached to this Complaint as **Exhibit A** and is incorporated into this Complaint by this reference.

30. As alleged above, the plain language of N.C. Gen. Stat. § 163-231(a), § 163-231(a)(3), § 163-231(b), and § 163-230.1(d) requires that absentee ballots be sealed in a container-return envelope.

31. Yet, according to pages 3 and 4 of the Numbered Memo, county boards of elections should count an absentee ballot *even if the ballot is not received in a sealed container-return envelope*, so long as the ballot is received in some other sealed envelope.

32. Specifically, pages 3 and 4 of the Numbered Memo—which refer to container-return envelopes as "ballot envelopes"—indicates that an absentee ballot should be considered "received in a sealed envelope and . . . therefore not deficient" if:

    a. the "[b]allot is inside the executed ballot envelope, which is not sealed or which appears to have been opened and re-sealed, but the ballot envelope is received in a sealed return envelope;" or

    b. the "[b]allot is not inside the ballot envelope or has been placed inside the clear sleeve on the ballot envelope used for including the photo ID documentation, but the return envelope is sealed."

(Emphasis in original).

33. In an attempt to support its assertion that an absentee ballot should be counted if it is returned in *any* sealed envelope, footnote 14 on page 4 of the Numbered Memo cites N.C. Gen. Stat. § 163-230.1(d) and § 163-231(a)(3).

34. But neither N.C. Gen. Stat. § 163-230.1(d) nor § 163-231(a)(3) even mentions an outer return envelope, much less provides that if an outer return envelope is sealed, the container-return envelope in which the absentee ballot is stored need not be sealed. To the contrary, both statutes expressly provide that ballots must be placed in the *container-return envelope* which, in turn, must be sealed.

35. Finally, page 4 of the Numbered Memo suggests that, "[i]mmediately upon opening the return envelope and noticing" that the container-return envelope is not sealed, the county elections "staff should re-seal the return envelope with a notation of 'sealed in return envelope' " and "[t]he county board should open the return envelope and address that ballot at its next absentee meeting." Nowhere, however, do the General Statutes require, permit, or contemplate this re-sealing and re-labeling procedure.

### Plaintiffs' Request for a Declaratory Ruling

36. On May 20, 2024, Plaintiffs submitted a request for declaratory ruling to the NCSBE pursuant to N.C. Gen. Stat. § 150B-4 (the "**RFR**"). A true and accurate copy of the RFR is attached to this Complaint as **Exhibit B** and is incorporated into this Complaint by this reference.

37. In the RFR, Plaintiffs notified the NCSBE of the flaws in the Numbered Memo's guidance to the county boards of elections about the counting of absentee ballots that are not returned in sealed container-return envelopes.

38. The RFR specifically identified the statutes that require absentee ballots to be returned in sealed-container return envelopes, noted issues with counting ballots not returned in

9

sealed-container return envelopes, and explained how the Numbered Memo's opinion exceeded the NCSBE's authority and ignored well-established canons of statutory construction.

### The NCSBE's Declaratory Ruling

39. At a subsequent NCSBE meeting, Defendants Alan Hirsch, Jeff Carmon, Kevin N. Lewis, Siobhan O'Duffy Millen, and Stacy "Four" Eggers IV, acting in their official capacity as members of the NCSBE, voted on a response to the RFR, and on August 2, 2024, the NCSBE issued its declaratory ruling in response to the RFR (the "***Declaratory Ruling***"). A true and accurate copy of the Declaratory Ruling, which was signed by Defendant Alan Hirsch in his capacity as Chair of the NCSBE, is attached to this Complaint as **Exhibit C** and is incorporated into this Complaint by this reference.

40. On page 23 of the Declaratory Ruling, the NCSBE erroneously declared, among other things, that:

> the instruction at issue in Numbered Memo 2021-03 pertaining to how county boards must address a ballot that is sealed in the return envelope rather than sealed in the ballot envelope is the correct application of the law.

41. The NCSBE based its ruling on several erroneous conclusions.

42. **First**, the NCSBE correctly noted that because a photo ID or photo ID exception form must be attached to the outside of the container-return envelope, it is now necessary, as a practical matter, for absentee voters to also use a second return envelope that will keep the photo ID or photo ID exception form confidential.

43. The NCSBE then erroneously concluded, however, that the second, external envelope could somehow now be considered a container-return envelope, notwithstanding the external envelope's failure to satisfy any of the specifically enumerated statutory requirements for a container-return envelope.

10

44. The NCSBE further erroneously concluded that the mere fact that a second envelope must also now be used when transmitting absentee ballots somehow permits county boards of elections to ignore the clear statutory requirement that container-return envelopes in particular must be sealed.

45. **Second**, the NCSBE asserted that an absentee voter might mistakenly seal an external envelope while failing to seal the container-return envelope, notwithstanding the fact that, as the NCSBE conceded in its Ruling, such voters will be specifically instructed in writing on the process for submitting their absentee ballots.

46. The NCSBE erroneously concluded that the possibility that a voter might fail to follow a statutory mandate—about which he or she has been specifically instructed—for casting an absentee ballot somehow eliminates the need for the voter or the county board of elections to follow or adhere to the mandate.

47. **Third**, page 16 of the Ruling asserts that whether an "absentee ballot was sealed in the inner or outer envelope, the voter sealed their ballot in an envelope and attested (with witnesses) to having voting the enclosed ballot." But N.C. Gen. Stat. § 163-231(a)(3) requires that the absentee voter place his or her ballot "in the container-return envelope and securely seal it or have this done in the voter's presence." N.C. Gen. Stat. § 163-229(b)(1) requires that the voter then certify on the application *printed on the container-return envelope* that the voter voted the ballot enclosed *in that container-return envelope*.

48. **Fourth**, the NCSBE noted that the Numbered Memo's guidance "does not require the acceptance of a ballot that arrives completely unsealed or that indicates it may not have been sealed in the voter's presence." This statement is irrelevant. It certainly does not support the

11

Numbered Memo's conclusion that county boards of elections are free to ignore the General Statutes and count absentee ballots that are not sealed in container-return envelopes.

49. **Fifth**, the NCSBE erroneously concluded that 52 U.S.C. § 10101(a)(2)(B), which is sometimes called the "***Materiality Provision***" of the Civil Rights Act of 1964, requires that a county board of elections count an absentee ballot that is not submitted in a sealed container-return envelope.

50. As the United States Court of Appeals for the Third Circuit recently held in *Pennsylvania State Conference of NAACP Branches v. Secretary Commonwealth of Pennsylvania*, 97 F.4th 120 (3d Cir.), *reh'g & reh'g en banc denied*, 2024 WL 3085152, 2024 U.S. App. LEXIS 15273 (3d Cir. Apr. 30, 2024), an opinion that thoroughly analyzed the Materiality Provision's text and history, the Materiality Provision does not apply to rules that govern the casting of absentee ballots. Thus, the Materiality Provision does not apply to the General Statutes' requirement that an absentee ballot be submitted in a sealed container-return envelope.

51. In short, the NCSBE's interpretation of the General Statutes is plainly incorrect. The NCSBE's attempt to explain its erroneous interpretation reveals that the reasoning it employed to reach its interpretation is fatally flawed. And the guidance provided by the Numbered Memo directly conflicts with provisions of Chapter 163 of the North Carolina General Statutes.

52. Plaintiffs have satisfied any and all conditions precedent to and other requirements for filing this lawsuit.

## FIRST CLAIM FOR RELIEF
**(Declaratory Judgment / Judicial Review)**

53. Plaintiffs incorporate by reference and reallege the preceding paragraphs of this Complaint.

54. Plaintiffs bring this claim for declaratory judgment pursuant to N.C. R. Civ. P. 57 and N.C. Gen. Stat. §§ 1-253, et seq., as to the rights, status, or other legal relations between Plaintiffs and Defendants and for judicial review and reversal of the NCSBE's ruling pursuant to N.C. Gen. Stat. §§ 150B-43, et seq.

55. As alleged above, in N.C. Gen. Stat. § 163-22(a), the North Carolina General Assembly delegated certain powers to the NCSBE, subject to a critically important limitation:

> The State Board shall have general supervision over the primaries and elections in the State, and it shall have authority to make such reasonable rules and regulations with respect to the conduct of primaries and elections as it may deem advisable ***so long as they do not conflict with any provisions of this Chapter***.

(Emphasis added.)

56. The NCSBE provided guidance in the Numbered Memo to county boards of elections that directly conflicts with provisions of Chapter 163 of the North Carolina General Statutes, including N.C. Gen. Stat. § 163-231(a), § 163-231(a)(3), § 163-231(b), and § 163-230.1(d). Those provisions provide in part, that an absentee ballot must, among other things, be received by the appropriate county board of elections in a sealed container-return envelope to be counted by that board.

57. An actual, real, presently existing, concrete, and justiciable controversy exists between Plaintiffs and Defendants in regard to, among other things, the NCSBE's erroneous interpretation of the General Statutes' provisions concerning container-return envelopes and the NCSBE's issuance of flawed guidance to the county boards of elections that directly conflicts with Chapter 163 of the General Statutes.

58. The NCSBE's actions have harmed, and unless and until the Court enters declaratory and injunctive relief in Plaintiffs' favor, will continue to irreparably harm, Plaintiffs by improperly

directing the county boards of elections to take actions that directly conflict with Chapter 163 of the North Carolina General Statutes.

59. The NCSBE's ruling, as alleged above, exceeded the NCSBE's statutory authority and jurisdiction and is affected by errors in law, as also alleged above, and therefore should be reversed.

60. Accordingly, Plaintiffs are entitled to a ruling from the Court reversing the NCSBE's declaratory ruling and/or a declaratory judgment declaring that:

    a. The only type of envelope that qualifies as a container-return envelope under the North Carolina General Statutes is an envelope that satisfies all of N.C. Gen. Stat. § 163-229(b)'s requirements; and

    b. To be counted, an absentee ballot must (i) be received by a county board of elections in a sealed container-return envelope that satisfies all of N.C. Gen. Stat. § 163-229(b)'s requirements and (ii) meet all other requirements imposed by the North Carolina General Statutes for valid absentee ballots.

61. Plaintiffs are also entitled to preliminary and permanent injunctive relief requiring Defendants to take the following steps:

    a. Immediately notify North Carolina's county boards of elections in writing that:

        i. The only type of envelope that qualifies as a container-return envelope under the North Carolina General Statutes is an envelope that satisfies all of N.C. Gen. Stat. § 163-229(b)'s requirements; and

        ii. To be counted, an absentee ballot must (A) be received by a county board of elections in a sealed container-return envelope that satisfies

14

all of N.C. Gen. Stat. § 163-229(b)'s requirements and (B) meet all other requirements imposed by the North Carolina General Statutes for valid absentee ballots; and

b. Rescind or delete all parts of the Numbered Memo that state or in any way imply that an absentee ballot received by a county board of elections may be counted even if the absentee ballot is not contained in a sealed container-return envelope that satisfies all of N.C. Gen. Stat. § 163-229(b)'s requirements.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court:

A. Enter a ruling reversing the NCSBE's declaratory ruling concerning container-return envelopes and/or enter a declaratory judgment declaring as follows:

1. The only type of envelope that qualifies as a container-return envelope under the North Carolina General Statutes is an envelope that satisfies all of N.C. Gen. Stat. § 163-229(b)'s requirements; and

2. To be counted, an absentee ballot must (a) be received by a county board of elections in a sealed container-return envelope that satisfies all of N.C. Gen. Stat. § 163-229(b)'s requirements and (b) meet all other requirements imposed by the North Carolina General Statutes for valid absentee ballots.

B. Award injunctive relief to Plaintiffs preliminarily and permanently requiring Defendants to:

1. Immediately notify North Carolina's county boards of elections in writing that:

        a.        The only type of envelope that qualifies as a container-return envelope under the North Carolina General Statutes is an envelope that satisfies all of N.C. Gen. Stat. § 163-229(b)'s requirements; and

        b.        To be counted, an absentee ballot must (i) be received by a county board of elections in a sealed container-return envelope that satisfies all of N.C. Gen. Stat. § 163-229(b)'s requirements and (ii) meet all other requirements imposed by the North Carolina General Statutes for valid absentee ballots; and

    2.    Rescind or delete all parts of the Numbered Memo that state or in any way imply that an absentee ballot received by a county board of elections may be counted even if the absentee ballot is not contained in a sealed container-return envelope that satisfies all of N.C. Gen. Stat. § 163-229(b)'s requirements.

C.    Promptly set a date for this dispute pursuant to N.C. R. Civ. P. 57;

D.    Tax the costs of this action to a party or parties other than Plaintiffs; and

E.    Award such other and further relief in Plaintiff's favor as the Court deems just and proper.

**[SIGNATURES ON FOLLOWING PAGE]**

This, the 3rd day of September 2024.

                                            **BAKER DONELSON BEARMAN,**
                                            **CALDWELL & BERKOWITZ, PC**

                                            By: /s/ John E. Branch III
                                            John E. Branch III
                                            North Carolina State Bar # 32598
                                            Thomas G. Hooper
                                            North Carolina State Bar # 25571
                                            2235 Gateway Access Point, Suite 220
                                            Raleigh, NC 27607
                                            Ph: (984) 844-7900
                                            jbranch@bakerdonelson.com
                                            thooper@bakerdonelson.com