IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:24-CV-00578-M

| | |
|---|---|
| VIRGINIA WASSERBERG, NORTH CAROLINA REPUBLICAN PARTY, and REPUBLICAN NATIONAL COMMITTEE,<br><br>    Plaintiffs,<br><br>  v.<br><br>NORTH CAROLINA STATE BOARD OF ELECTIONS, ALAN HIRSCH, in his Official Capacity as the Chair of and a Member of the North Carolina State Board of Elections, JEFF CARMON, in his Official Capacity as the Secretary of and a Member of the North Carolina State Board of Elections, KEVIN N. LEWIS, in his Official Capacity as a Member of the North Carolina State Board of Elections, SIOBHAN O'DUFFY MILLEN, in her Official Capacity as a Member of the North Carolina State Board of Elections, STACY "FOUR" EGGERS IV, in his Official Capacity as a Member of the North Carolina State Board of Elections, and KAREN BRINSON BELL, in her Official Capacity as Executive Director of the North Carolina State Board of Elections,<br><br>    Defendants. | **MOTION FOR EXPEDITED BRIEFING SCHEDULE FOR AND CONSIDERATION OF PLAINTIFFS' MOTION TO REMAND** |

      Pursuant to Fed. R. Civ. P. 1 and the Court's inherent authority to manage its docket, Plaintiffs move the Court to shorten the briefing period for, and expedite the

consideration of, Plaintiffs' Motion to Remand. In support of this motion, Plaintiffs respectfully show the Court the following:

1. Plaintiffs filed this case in Wake County Superior Court on September 3, 2024. (Notice of Removal [D.E. 1], ¶ 1.)

2. Defendants removed the case to this Court on October 9, 2024, exactly 30 days after accepting service of the Complaint. (Notice of Removal, ¶ 2.)

3. Yesterday, October 14, 2024, Plaintiffs filed a Motion to Remand this case to state court. [D.E. 16.] As explained in detail in Plaintiffs' Motion to Remand and Memorandum of Law in Support of Motion to Remand (also filed yesterday) [D.E. 17], Defendants cannot satisfy their burden of proving that this Court has subject matter jurisdiction over this case. Accordingly, the Court should remand this case to state court.

4. Plaintiffs respectfully request that the Court shorten the briefing period for, and expedite the consideration of, the Motion to Remand, because this litigation could affect the outcome of one or more elections being held in North Carolina on November 5, 2024.

5. Specifically, this case could affect the manner in which mail-in absentee ballots that will be cast in connection with the November 5, 2024, elections are counted.

6. Defendant North Carolina State Board of Elections (the "NCSBE") has incorrectly advised North Carolina county boards of elections that the boards may count mail-in absentee ballots even if those ballots are not submitted in sealed

container-return envelopes.

7. The North Carolina General Statutes, however, unequivocally require that a mail-in absentee ballot must be marked by an absentee voter, placed in a special container-return envelope, and securely sealed in that envelope by the absentee voter or in that voter's presence. N.C. Gen. Stat. §§ 163-231(a)(1), (a)(3); *id.* § 230.1(d). The statutes then require that the voter and witnesses sign the envelope and that the sealed envelope be transmitted to the county board of elections. *Id.* §§ 163-231(a), (a)(5), (a)(6), (b).

8. It is readily apparent that these statutes were intended to prevent tampering with an absentee voter's ballot between the time that the ballot is marked and the time that a county board of elections counts the ballot. The NCSBE's guidance to boards directly contradicts the statutes and threatens the integrity of North Carolina elections.

9. As noted above, this year, Election Day is November 5, 2024.

10. The Plaintiffs desire to seek injunctive relief that will remedy the NCSBE's unlawful actions in this matter. Of course, Plaintiffs need to seek such relief from a court with subject matter jurisdiction over this case. Wake County Superior Court—the court from which this case was removed—has subject matter jurisdiction over this case.

11. Accordingly, Plaintiffs request that this Court shorten the briefing period on Plaintiffs' Motion to Remand and then expeditiously remand this case to state court. As the foregoing discussion and supporting memorandum that Plaintiffs

are filing with this motion show, there is good cause for the Court to provide such relief and such relief is in the interests of justice.

12. On October 14, 2024, Plaintiffs' counsel and Defendants' counsel discussed a proposed expedited briefing schedule. While Defendants were willing to discuss such a schedule, the parties were unable to come to an agreement.

13. Plaintiffs proposed the following schedule:

   a. Defendants' response brief would be due on or before Thursday, October 17, 2024; and

   b. Any reply brief filed by Plaintiffs would be due on or before Monday, October 21, 2024.

14. Defendants proposed the following schedule:

   a. Defendants' response brief would be due in 14 days—i.e., on or before Monday, October 28, 2024; and

   b. Any brief filed by Plaintiffs would be due within 7 days of the response brief.

15. Defendants' proposal almost certainly would not allow sufficient time for remand and the state court's consideration of a request for injunctive relief before November 5, 2024.

16. Plaintiffs are submitting for the Court's consideration a proposed Order, which is attached to this motion.

## **Prayer for Relief**

Accordingly, Plaintiffs respectfully request that the Court:

A. Grant this motion;

B. Shorten the briefing period for, and expedite consideration of, Plaintiffs' Motion to Remand such that Defendants' response brief in opposition to the Motion to Remand is due on or before Thursday, October 17, 2024, and Plaintiffs' reply, if any, is due on or before Monday, October 21, 2024; and

C. Award such other and further relief in Defendants' favor as the Court deems just and proper.

Respectfully submitted, this the 15th day of October 2024.

/s/ Thomas G. Hooper
Thomas G. Hooper
Baker, Donelson, Bearman,
Caldwell & Berkowitz, P.C.
101 South Tryon Street, Suite 3600
Charlotte, NC  28280
Phone:  (980) 256-6300
thooper@bakerdonelson.com
N.C. State Bar No. 25571
*Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this day, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send electronic notification of the filing to the following: Laura H. McHenry, Esq. (lmchenry@ncdoj.gov); and Mary Carla Babb, Esq. (mcbabb@ncdoj.gov). Additionally, a courtesy copy of the foregoing document has been e-mailed to Narendra K. Ghosh, Esq. (nghosh@pathlaw.com).

This, the 15th day of October 2024.

/s/ Thomas G. Hooper
Thomas G. Hooper
Baker, Donelson, Bearman,
Caldwell & Berkowitz, P.C.
101 South Tryon Street, Suite 3600
Charlotte, NC  28280
Phone:  (980) 256-6300
thooper@bakerdonelson.com
N.C. State Bar No. 25571

*Attorney for Plaintiffs*