IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:24-CV-00578-M

| | |
|---|---|
| VIRGINIA WASSERBERG, NORTH CAROLINA REPUBLICAN PARTY, and REPUBLICAN NATIONAL COMMITTEE,<br><br>  Plaintiffs,<br><br> v.<br><br>NORTH CAROLINA STATE BOARD OF ELECTIONS, ALAN HIRSCH, in his Official Capacity as the Chair of and a Member of the North Carolina State Board of Elections, JEFF CARMON, in his Official Capacity as the Secretary of and a Member of the North Carolina State Board of Elections, KEVIN N. LEWIS, in his Official Capacity as a Member of the North Carolina State Board of Elections, SIOBHAN O'DUFFY MILLEN, in her Official Capacity as a Member of the North Carolina State Board of Elections, STACY "FOUR" EGGERS IV, in his Official Capacity as a Member of the North Carolina State Board of Elections, and KAREN BRINSON BELL, in her Official Capacity as Executive Director of the North Carolina State Board of Elections,<br><br>  Defendants. | **MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR EXPEDITED BRIEFING SCHEDULE FOR AND CONSIDERATION OF PLAINTIFFS' MOTION TO REMAND** |

**INTRODUCTION**

Defendant North Carolina State Board of Elections (the "NCSBE") has issued

advice to North Carolina's county boards of elections that directly contradicts the North Carolina General Statutes' unequivocal requirements concerning the counting of mail-in absentee ballots. Plaintiffs filed this lawsuit seeking a judicial review of and reversal of that advice. Plaintiffs also are seeking interim injunctive relief to prevent the NCSBE's erroneous advice from affecting the upcoming elections on November 5, 2024.

Defendants responded by removing this case to this Court, even though this Court lacks subject matter jurisdiction over the case. Yesterday, October 14, 2024, Plaintiffs filed a Motion to Remand. Plaintiffs need a court with subject matter jurisdiction to grant their request for injunctive relief before the election. Accordingly, Plaintiffs now respectfully request that this Court shorten the briefing period for the Motion to Remand and expedite consideration of that motion in the hope that the case can be returned to state court in time for the entry of the sought-after injunctive relief.

## BACKGROUND

North Carolina General Statutes unambiguously require that a mail-in absentee ballot must be marked by an absentee voter and then placed in a special "container-return envelope" and securely sealed in that envelope by the absentee voter or in the voter's presence. N.C. Gen. Stat. § 163-231(a)(3). The statutes further require that the voter and witnesses must sign the container-return envelope and that the sealed container-return envelope must then be transmitted to the county board of elections. *Id.* § 163-230.1(d); *id.* §§ 163-231(a), (a)(3), (a)(6), (b); *id.*

§§ 299(b)(1), (b)(3).

Plainly, these statutes were intended to prevent tampering with an absentee voter's ballot between the time that the ballot is marked and the time that a county board of elections counts the ballot. Nevertheless, the NCSBE issued a Numbered Memo erroneously advising North Carolina county boards of elections that they could count mail-in absentee ballots even if those ballots were not returned in sealed container-return envelopes. (Numbered Memo [D.E. 1-4 pages 5 to 6[1]].)

In a request for declaratory ruling submitted nearly five months ago on May 20, 2024, Plaintiffs notified the NCSBE of the errors in the Numbered Memo. (Request [D.E. 1-4 pages 18 to 22].) The NCSBE responded with a declaratory ruling on August 2, 2024, in which the NCSBE wrongly asserted that the Numbered Memo's position on container-return envelopes was correct. (Declaratory Ruling [D.E. 1-4 pages 39 to 44 and 49].)

Plaintiffs responded to the NCSBE's erroneous Declaratory Ruling by filing this lawsuit in Wake County Superior Court on September 3, 2024. (Complaint [D.E. 1-3].) The Complaint asserts only state-law claims against the NCSBE, its director, and its members. Specifically, pursuant to the North Carolina Administrative Procedures Act, Plaintiffs sought judicial review and reversal of the declaratory ruling. (Complaint, ¶ 54.) Alternatively, Plaintiffs sought a declaratory judgment under the North Carolina Declaratory Judgment Act that the ruling was invalid.

---

[1] The page numbers referenced in this memorandum are the docket-entry page numbers generated by ECF, not the page numbers used in the referenced exhibits.

(Complaint, ¶ 54.) Plaintiffs also sought injunctive relief to minimize the harm that the NCSBE's advice could cause in the upcoming elections. (Complaint, ¶ 61.)

Defendants, who are all represented by the same counsel and all accepted service of the Complaint at the same time on September 9, 2024, waited until 30 days after they accepted service and then filed a short Notice of Removal on October 9, 2024, purporting to remove this case pursuant to 28 U.S.C. § 1443(2). (Notice of Removal [D.E. 1], ¶ 2.)

Yesterday, October 14, 2024, just three business days after the Notice of Removal was filed, Plaintiffs filed a Motion to Remand and a Memorandum of Law in Support of Motion to Remand [D.E. 16 & 17] that explain in detail that Defendants have failed to meet their burden of proving that this Court has jurisdiction over this case under 28 U.S.C. § 1443(2).

Plaintiffs still intend to seek interim injunctive relief before the elections on November 5, 2024. But they cannot, of course, obtain such relief from a court that lacks subject matter jurisdiction. Accordingly, they have filed a motion requesting that this Court shorten the briefing period for the Motion to Remand and expedite its consideration of the Motion to Remand so that Plaintiffs may return to state court and obtain injunctive relief before Election Day.

## ARGUMENT

In an Order recently entered in *Republican Nat'l Comm. v. N.C. State Bd. of Elections,* No. 5:24-cv-00547-M, a case involving several of the parties to this case, this Court quoted *Dietz v. Bouldin* 579 U.S. 40, 47 (2016), for the proposition that,

"district courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." This authority comports with Fed. R. Civ. P. 1's mandate that procedural rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

The Court prudently chose to exercise its authority to shorten the briefing period in the *Republican National Committee* case. The Court should do so again here. Good cause plainly exists in the current case to alter the briefing schedule and expedite review of Plaintiffs' Motion to Remand.

The NCSBE has impermissibly disregarded the unambiguous, duly enacted statutes of the State of North Carolina. *See Carson v. Simon*, 978 F.3d 1051, 1061 (8th Cir. 2020) (per curiam) (concluding that allowing executive-branch officers "to negate the duly enacted election laws of a state . . . is toxic to the concepts of the rule of law and fair elections"). Now, in an effort to stall litigation intended to fix its error, the NCSBE has concocted a specious argument that this case may be removed to federal court. There is no reason for the Court to reward this behavior.

Instead, the Court should compel the NCSBE to explain precisely and promptly why the board believes removal is proper in this case. And the Court should order the NCSBE to do so in time to allow Plaintiffs to obtain injunctive relief that will prevent the counting of invalid votes cast in connection with the November 5, 2024, elections. "Because elections are free when votes are accurately counted, . . . [a court] should not leave open the possibility that . . . invalid ballots could be commingled

5

with official ballots." *Kennedy v. N.C. State Bd. of Elec.*, __ N.C. __, 905 S.E.2d 55, 58 (2024) (Berger, J., concurring) (cleaned up); *see Carson*, 978 F.3d at 1061 ("[I]t is in the public interest to maintain the integrity of elections by ensuring the ability to separate and count only those ballots case according to law."); *see also Anderson v. United States*, 417 U.S. 211, 227 (1974) ("Every voter . . . has a right . . . to have his vote fairly counted, without it being distorted by fraudulently cast votes.").

## CONCLUSION

In the motion accompanying this memorandum of law, Plaintiffs have proposed a schedule for expedited briefing, and Plaintiffs have submitted a proposed Order adopting that schedule. For the reasons provided above, the Court should shorten the briefing period on Plaintiff's Motion to Remand consistent with the proposed schedule, expedite consideration of the Motion to Remand, and award such other and further relief in Defendants' favor as the Court deems just and proper.

This, the 15th day of October 2024.

/s/ Thomas G. Hooper
Thomas G. Hooper
Baker, Donelson, Bearman,
Caldwell & Berkowitz, P.C.
101 South Tryon Street, Suite 3600
Charlotte, NC 28280
Phone: (980) 256-6300
thooper@bakerdonelson.com
N.C. State Bar No. 25571
*Attorney for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on this day, I electronically filed the foregoing Motion with the Clerk of Court using the CM/ECF system, which will send electronic notification of the filing to the following: Laura H. McHenry, Esq. (lmchenry@ncdoj.gov); and Mary Carla Babb, Esq. (mcbabb@ncdoj.gov). Additionally, a courtesy copy of the foregoing document has been e-mailed to Narendra K. Ghosh, Esq. (nghosh@pathlaw.com).

This, the 15th day of October 2024.

/s/ Thomas G. Hooper
Thomas G. Hooper
Baker, Donelson, Bearman,
Caldwell & Berkowitz, P.C.
101 South Tryon Street, Suite 3600
Charlotte, NC 28280
Phone: (980) 256-6300
thooper@bakerdonelson.com
N.C. State Bar No. 25571

*Attorney for Plaintiffs*