IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:24-CV-00578-M

VIRGINIA WASSERBERG, NORTH
CAROLINA REPUBLICAN PARTY,
and REPUBLICAN NATIONAL
COMMITTEE,

    Plaintiffs,

v.

NORTH CAROLINA STATE BOARD
OF ELECTIONS, et al.,

    Defendants,

and

NORTH CAROLINA ALLIANCE FOR
RETIRED AMERICANS,

    Intervenor-Defendant.

**PLAINTIFFS' RESPONSE TO ORDER TO SHOW CAUSE**

## INTRODUCTION

The requirements for standing under federal law are materially different from the requirements for standing under North Carolina law. *See Cmte. to Elect Dan Forest v. Employees Political Action Cmte.*, 376 N.C. 558, 590-91, 853 S.E.2d 698, 722 (2021). And Plaintiffs, of course, originally filed this action in North Carolina state court. They never intended for this lawsuit to be in federal court.

Plaintifffs filed their Complaint in North Carolina Superior Court, pursuant to a process set out by North Carolina statute, requesting that a North Carolina Superior Court Judge review an unlawful declaratory ruling of the North Carolina

State Board of Elections (the "NCSBE"). Because they filed this action in a North Carolina state court, Plaintiffs made the allegations necessary to satisfy North Carolina's procedural rules and substantive law. Plaintiffs alleged only state-law claims. They never intended for their Complaint to be reviewed under a federal pleading standard. Nor did they ever intend to argue that any federal court had jurisdiction over this action, because no such jurisdiction exists.

It was Defendants[1] who improperly removed this case to this Court, even though the Court lacks subject matter jurisdiction over this litigation. As the removing parties, Defendants now bear the burden of establishing that all the requirements for federal subject matter jurisdiction, including any federal pleading requirements related to standing under federal law, are satisfied.

## BACKGROUND

Plaintiffs commenced this lawsuit by filing a Complaint & Petition in North Carolina Superior Court on September 3, 2024. (D.E. 1-3.) Plaintiffs sought, pursuant to the North Carolina Administrative Procedure Act, judicial review and reversal of the NCSBE's August 2, 2024, Declaratory Ruling. (Complaint [D.E. 1-3] ¶ 54). *See* N.C. Gen. Stat. § 150B-4(a) & (a)(3); *id.* § 150B-43; *id.* § 150B-51(b)(2) & (b)(4). Alternatively, Plaintiffs sought, pursuant to the North Carolina Declaratory Judgment Act, a declaratory judgment that the NCSBE's Declaratory Ruling is invalid. (Complaint, ¶ 54.) *See* N.C. Gen. Stat. §§ 1-253, et seq. Plaintiffs also sought

---

[1] By "Defendants," Plaintiffs mean the parties whom Plaintiffs originally named as Defendants in this case and not Intervenor-Defendant North Carolina Alliance for Retired Americans.

injunctive relief.  (*Id.* ¶ 61.)  Plaintiffs alleged no federal claims.

Even though no grounds for federal jurisdiction existed, Defendants removed this case to this Court on October 9.  (D.E. 1.)  Plaintiffs filed a Motion to Remand on October 14.  (D.E. 16.)  In light of the rapidly approaching election on November 5, the Court entered a text-only Order on October 16, setting an expedited briefing schedule for the remand motion.  Briefing on that motion has concluded.  (D.E. 31.)  The Court entered its Order to Show Cause on Monday.  (D.E. 33.)

## ARGUMENT

### A. **Because Defendants have failed to satisfy their burden of proving that the Court has federal subject matter jurisdiction, the Court should remand this action to state court.**

Defendants, as the removing parties, bear the burden of proving that this Court has subject matter jurisdiction.  *Burrell v. Bayer Corp.,* 918 F.3d 372, 380-81 (4th Cir. 2019).  Plaintiffs have already shown that Defendants have failed to meet their burden.  Indeed, Plaintiffs still contend that this case should be remanded to state court for the reasons discussed in Plaintiffs' Motion to Remand, Memorandum of Law in Support of Motion to Remand, and Reply.  (D.E. 16, 17, 31.)[2]

---

[2] The Fourth Circuit's recent opinion in *Republican Nat'l Cmte. v. N.C. State Bd. of Elections*, No. 24-2044, 2024 WL 4597030 (4th Cir. Oct. 29, 2024), does not preclude remand.  Nothing in that opinion demonstrates that, *in this case*, Defendants have satisfied 28 U.S.C. § 1443(2)'s requirements (i) that they are being sued for refusing to do an act or (ii) that they have demonstrated a colorable conflict between such an act and the Materiality Clause, 52 U.S.C. § 10101(a)(2)(B).  Defendants have, in fact, failed to satisfy both requirements.  (D.E. 17, pp. 9-10, 13-14; D.E. 31, pp. 2-8.)

3

B.  **Defendants bear the burden of showing that the Complaint's allegations satisfy the federal pleading standard for alleging standing under federal law.**

The Order to Show Cause suggests that this Court is concerned with whether Plaintiffs' Complaint makes allegations sufficient to satisfy a federal pleading standard for alleging standing under federal law.  *See* Order to Show Cause (D.E. 33) (directing the parties to "address whether the Complaint . . . alleges a concrete and particularized injury sufficient to confer Article III standing in federal court").

This case's procedural posture makes it "an admittedly odd vehicle to robustly analyze Article III standing." *Republican Nat'l Cmte. v. N.C. State Bd. of Elections*, No. 24-2044, 2024 WL 4597030, at *13 n.1 (4th Cir. Oct. 29, 2024) (Diaz, C.J., concurring).  On one hand, the parties desiring to remain in federal court must show that their opponent's pleading satisfies federal pleading requirements.  On the other hand, the parties who never desired to be in federal court are placed in the awkward position of deciding whether to critique their own pleading.  In any event, however, the burden of proving federal jurisdiction still remains with the removing party.  *See Ghazaly v. First Nat'l Collection Bureau, Inc.,* No. 5:21-cv-362-FL, 2022 WL 2610431, at *2 (E.D.N.C. July 8, 2022).  And under federal law, if the "*defendant* is unable to identify pleaded facts showing plaintiff suffered a concrete injury, [the] *defendant* has not demonstrated Article III standing sufficient to establish subject matter jurisdiction over plaintiff's claims. . . . [and] the case must be remanded." *Id.* at *5 (emphasis added).

Consequently, it is Defendants, rather than Plaintiffs, who bear the burden of showing that the Complaint's allegations in this case satisfy the federal pleading

4

standard for alleging standing under federal law.

## C. <u>Federal standing law is different from North Carolina standing law.</u>

Some important additional points need to be made with respect to the question raised sua sponte by the Court in its Order to Show Cause.

**<u>First</u>**, just because a complaint's allegations may not meet a federal pleading standard for alleging standing under federal law does not, of course, mean that the plaintiff would not have standing in state court. Indeed, North Carolina law on standing differs significantly from federal law.

As the North Carolina Supreme Court held in *Cmte. to Elect Dan Forest v. Employees Political Action Cmte.*, 376 N.C. 558, 853 S.E.2d 698 (2021), the seminal case on standing under North Carolina law, this state's standing doctrine is " 'not coincident with federal standing doctrine,' " *id.* at 591, 853 S.E.2d at 722 (quoting *Goldston v. State*, 361 N.C. 26, 35, 637 S.E.2d 876, 882 (2006)). The state supreme court observed that, "[w]hile the federal constitution limits the federal 'judicial Power' to certain 'Cases' and 'Controversies,' U.S. Const. Art. III, § 2, . . . [the North Carolina] Constitution, in contrast, has no such case or controversy limitation to the 'judicial power.' " *Id.* "[T]he federal injury-in-fact requirement has no place in the text or history of . . . [North Carolina's] Constitution. . . . [That] Constitution includes no case-or-controversy requirement, upon which the federal injury-in-fact requirement is based." *Id.* at 599, 853 S.E.2d at 728. Consequently, "[b]ecause the federal concept of standing is textually grounded in terms which are not present in the North Carolina Constitution," the state supreme court has held that, "the framers of the North Carolina Constitution did not, by their plain words, incorporate the same

5

federal standing requirements." *Id.* at 591, 853 S.E.2d at 722.[3]

**Second**, irrespective of whether the allegations in Plaintiffs' state-court Complaint satisfy federal pleading standards, two things should be noted. Plaintiffs do not contend that they sustained no injury due to the NCSBE's unlawful conduct, and Plaintiffs do not concede that there is some impediment to their ability to bring their claims in *state* court under *state* law.

To the contrary, at a minimum, Plaintiffs qualify as "aggrieved parties" under the North Carolina Administrative Procedure Act (the "NCAPA"), which allows Plaintiffs to petition for review of the NCSBE's Declaratory Ruling. *See* N.C. Gen. Stat. §§ 150B-4(a) & (a)(3); *see also* Plaintiff's Letter to NCSBE at 9 (Complaint, Exhibit B (D.E. 1-4, p. 25)) (discussing Plaintiffs' status as "aggrieved parties" under the NCAPA). Indeed, the NCSBE has already tacitly conceded that Plaintiffs are aggrieved parties. In its 23-page Declaratory Ruling issued in response to Plaintiffs' request for a declaratory ruling, the NCSBE noted that, "N.C.G.S. § 150B-4(a) requires a state agency, *upon the request of a person aggrieved*, to issue a declaratory ruling as to the validity of a rule or as to the applicability to a given state of facts of a statute administered by the agency and the person requesting the ruling, unless set aside by a court." NCSBE Declaratory Ruling at 2 (Complaint, Exhibit C (D.E. 1-4, p. 2) (emphasis added)); *see also Dan Forest*, 376 N.C. at 601-02, 853 S.E.2d at 729

---

[3] A dissenting judge on the North Carolina Court of Appeals argued in *Dan Forest* for the application of the standing test recognized in *Spokeo v. Robins*, 578 U.S. 330 (2016). *See Dan Forest*, 376 N.C. at 562, 853 S.E.2d at 704. The North Carolina Supreme Court did not, however, adopt the dissent's analysis.

6

(discussing "aggrieved persons" under the NCAPA). In short, the NCAPA enables Plaintiffs, as aggrieved parties, to bring this action without satisfying a federal pleading standard for alleging standing under federal law.

**Third**, Plaintiffs intend to argue in state court (if this case is remanded) or in this Court (if this Court retains jurisdiction) that Plaintiffs have, in fact, been injured by the NCSBE's misconduct and will suffer irreparable harm if injunctive relief is not granted.

## CONCLUSION

Plaintiffs request that the Court remand this action to the North Carolina General Court of Justice, Superior Court Division, Wake County. As it is clear that there is no subject matter jurisdiction under 28 U.S.C. § 1443(2), remand is required. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). As shown above, remand is similarly required if the Court determines that the Complaint's allegations do not satisfy the federal pleading standard for alleging standing under federal law. *See Ghazaly,* 2022 WL 2610431, at *2, 5.

In the event that the Court's decision to remand is based on the issue of federal standing, Plaintiffs respectfully request that the Court make clear in its remand order that it is remanding the case based on the application of a federal pleading standard to the allegations in the Complaint filed in this case.

Respectfully submitted, this the 30th day of October 2024.

/s/ Thomas G. Hooper
Thomas G. Hooper
Baker, Donelson, Bearman,
Caldwell & Berkowitz, P.C.
101 South Tryon Street, Suite 3600
Charlotte, NC 28280
Ph: (980) 256-6300
thooper@bakerdonelson.com
N.C. State Bar No. 25571
*Attorney for Plaintiffs*

/s/ John E. Branch III
John E. Branch III
Baker, Donelson, Bearman,
Caldwell & Berkowitz, P.C.
2235 Gateway Access Point, Suite 220
Raleigh, NC 27607
Ph: (984) 844-7900
jbranch@bakerdonelson.com
N.C. State Bar No. 32598
*Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this day, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send electronic notification of the filing to all counsel who have filed notices of appearance in this case.

This, the 30th day of October 2024.

/s/ Thomas G. Hooper
Thomas G. Hooper
Baker, Donelson, Bearman,
Caldwell & Berkowitz, P.C.
101 South Tryon Street, Suite 3600
Charlotte, NC 28280
Ph: (980) 256-6300
thooper@bakerdonelson.com
N.C. State Bar No. 25571
*Attorney for Plaintiffs*