IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| VIRGINIA WASSERBERG, NORTH CAROLINA REPUBLICAN PARTY, and REPUBLICAN NATIONAL COMMITTEE,<br><br>Plaintiffs,<br><br>v.<br><br>NORTH CAROLINA STATE BOARD OF ELECTIONS; ALAN HIRSCH, in his Official Capacity as the Chair of and a Member of the North Carolina State Board of Elections; JEFF CARMON, in his Official Capacity as the Secretary of and a member of the North Carolina State Board of Elections; KEVIN N. LEWIS, in his Official Capacity as a Member of the North Carolina State Board of Elections; SIOBHAN O'DUFFY MILLEN, in her Official Capacity as a Member of the North Carolina State Board of Elections, STACY "FOUR" EGGERS IV, in his Official Capacity as a Member of the North Carolina State Board of Elections, and KAREN BRINSON BELL, in her Official Capacity as Executive Director of the North Carolina State Board of Elections,<br><br>Defendants,<br><br>and<br><br>NORTH CAROLINA ALLIANCE FOR RETIRED AMERICANS,<br><br>Intervenor-Defendant. | Case No. 5:24-cv-00578-M-RN |

**NORTH CAROLINA ALLIANCE FOR RETIRED AMERICANS'S RESPONSE TO ORDER TO SHOW CAUSE**

1

# INTRODUCTION

Plaintiffs filed this action in state court, seeking to require the State Board of Elections to revoke guidance that Plaintiffs claim contradicts state law. The State Board and its members assert that doing so would result in violations of the materiality provision of the Civil Rights Act of 1964, 52 U.S.C. § 10101(a)(2)(B), and removed the case to federal court on that basis pursuant to 28 U.S.C. § 1443(2). Plaintiffs oppose removal and have moved to remand to state court. On October 28, 2024, the Court directed the parties to show cause why the case should not be remanded for lack of subject matter jurisdiction, and asked the parties to address whether the complaint sufficiently alleges "a concrete and particularized injury sufficient to confer Article III standing." *See* Order to Show Cause (Oct. 28, 2024), ECF No. 33.

The Alliance submits that the Plaintiffs' complaint does not adequately plead standing under Article III, but the proper result in this case is dismissal rather than remand. Through § 1443(2), Congress provided state officers with a federal forum in which to defend their adherence to federal civil rights laws, potentially over strong local opposition. This protection would be rendered meaningless if a plaintiff who lacked Article III standing could force state officers to remain in state court. As with cases removed under the analogous federal officer removal statute, 28 U.S.C. § 1442(a)(1), where the plaintiff has not suffered a cognizable injury, the result should be to dismiss rather than remand.

# ARGUMENT

Plaintiffs filed their suit in state court under a statute allowing judicial review of the State Board ruling they requested, *see* N.C.G.S. § 150B-43, and as a result they did not need (nor did they attempt) to plead facts sufficient to establish Article III standing. Their complaint states: "The NCSBE's actions have harmed, and unless and until the Court enters declaratory and injunctive

relief in Plaintiffs' favor, will continue to irreparably harm, Plaintiffs by improperly directing the county boards of elections to take actions that directly conflict with Chapter 163 of the North Carolina General Statutes." Compl. ¶ 58. This is the type of generalized grievance that federal courts routinely find insufficient to establish standing. *See, e.g.*, *Lance v. Coffman*, 549 U.S. 437, 442 (2007). Under federal standards, Plaintiffs' allegations are thus unlikely to state a cognizable injury-in-fact.

If Plaintiffs lack Article III standing, dismissal—not remand—is the proper remedy. In determining whether a federal court lacking subject matter jurisdiction over a removed action must remand, courts have concluded that "the statute under which the case was removed matters." *Tyus v. U.S. Postal Serv.*, No. 15-CV-1467, 2017 WL 52609, at *4 (E.D. Wis. Jan. 4, 2017). If a plaintiff lacks Article III standing in a case removed under 28 U.S.C. § 1441, remand is appropriate. *See, e.g.*, *Cumberland Cnty. v. Chemours Co.*, 608 F. Supp. 3d 294, 297 (E.D.N.C. 2022). But in a case removed under the federal officer removal statute, 28 U.S.C. § 1442(a)(1), lack of subject matter jurisdiction due to lack of standing requires dismissal, not remand. *See, e.g.*, *Greene v. Citigroup, Inc.*, 215 F.3d 1336 (Table), 2000 WL 647190, at *2 (10th Cir. 2000) (holding, in case removed under § 1442(a)(1), dismissal was proper where plaintiff admitted that she lacked standing in federal court). As a result, in *Tyus*, 2017 WL 52609, at *4–5, for example, which was removed to federal court under § 1442(a)(1), the district court found the plaintiff lacked standing and dismissed the case, rejecting plaintiff's argument that § 1447(c) required a remand because remanding "would defeat the strong federal interest underlying the removal statute . . . and would do so in cases in which the claim is most abstract." Similarly, in *Thompson v. Army & Air Force Exchange*, No. 22-CV-2799-SMY, 2023 WL 317661, at *3 (S.D. Ill. Jan. 19, 2023), the court noted that § 1442 "itself grants independent jurisdictional grounds which cannot be defeated by remand," and

2

held that "once a case is properly removed pursuant to § 1442(a)(1), dismissal is appropriate if the court lacks subject matter jurisdiction due to plaintiff's lack of standing."[1] To hold otherwise would undermine the purpose of the federal officer removal statute—which is to provide a federal forum to covered officers—and would allow states to circumvent Congress's protections by enabling lawsuits by litigants who fall short of the Article III standing requirements.

The same is true when a plaintiff lacks standing in a case removed under § 1443(2). Like removal under § 1442(a)(1), a defendant's right to remove under § 1443(2) "does not depend upon the federal court's having 'original jurisdiction' over the action as in § 1441[a]." *Me. Ass'n of Interdependent Neighborhoods*, 876 F.2d at 1055. Instead, the right to remove is intended to protect a defendant (1) who is a state officer, (2) who has refused to act, (3) on the grounds that such action would be inconsistent with federal civil rights law. *See* 28 U.S.C. § 1443(2). Removal under § 1443(2) is therefore an absolute right, "whereas removal under § 1441[a] is permitted only where the plaintiff might have brought [the action] in federal court directly, an act that is forbidden to a plaintiff who otherwise lacks standing to assert a claim in federal court." *Figueroa v. Am. Bankers Ins. Co. of Fla.*, No. CIVA 06CV00926 MSKMJ, 2007 WL 678621, at *3 (D. Colo. Feb. 28, 2007) (quotation marks omitted). Accordingly, "[i]n cases removed under 28 U.S.C. § 1441, a finding that the plaintiffs lack standing means the removal was improper and remand is appropriate." *Tyus*, 2017 WL 52609, at *4. But where standing does not affect the propriety of

---

[1] *See also Int'l Primate v. Adm'rs of Tulane Educ. Fund*, 22 F.3d 1094 (Table) (5th Cir. 1994) (unpublished) (finding that dismissal, and not remand, is proper where a case was properly removed pursuant to the federal officer removal statute, but the plaintiff lacked Article III standing); *Me. Ass'n of Interdependent Neighborhoods v. Comm'r, Me. Dep't of Hum. Servs.*, 876 F.2d 1051, 1055 (1st Cir. 1989) (noting if a federal officer were to remove the case under § 1442(a)(1), and the plaintiff lacked standing, the district court would have to dismiss the action); *Devazier v. Caruth*, No. 2:16-CV-00067-KGB, 2016 WL 3939777, at *7 (E.D. Ark. July 15, 2016) (dismissing case removed under § 1442(a)(1) after finding plaintiff lacked standing, and declining to remand); *Me. Ass'n of Interdependent Neighborhoods v. Petit*, 644 F. Supp. 81, 84–85 (D. Me. 1986) (same).

3

removal, such as in § 1442(a)(1) or § 1443(2), "a finding that the plaintiffs lack standing does not render the removal improper." *Id.* (rejecting argument that 28 U.S.C. § 1447(c) requires remand if plaintiff is found to lack standing).

The purpose of § 1443 is to "protect state officers from being penalized for failing to enforce discriminatory state laws or policies by providing a federal forum in which to litigate these issues." *Detroit Police Lieutenants & Sergeants Ass'n v. City of Detroit*, 597 F.2d 566, 568 (6th Cir. 1979). Congress has determined such a forum is necessary because state officers who refuse to act in contravention of federal civil rights laws may face "strong public disapproval," and therefore must be able to litigate in "federal courts [that] are more removed from and generally less susceptible to parochial pressures." *Greenberg v. Veteran*, 889 F.2d 418, 421–22 (2d Cir. 1989). That congressional determination would be fatally undermined if removal under § 1443(2) could be thwarted through artful pleading or state laws allowing claims to be brought by plaintiffs who could not satisfy the requirements of Article III standing.

Because removal was appropriate for the reasons stated in Intervenor-Defendants' Opposition to Remand, "[d]ismissal rather than remand is the proper disposition here" if the Court finds that Plaintiffs lack standing. *Tyus*, 2017 WL 52609, at *5.

## CONCLUSION

For the foregoing reasons, the Alliance respectfully asks that this Court retain jurisdiction and, if it finds that Plaintiffs lack standing, dismiss the case.

Dated: October 30, 2024                              Respectfully submitted,

/s/   Uzoma N. Nkwonta

Uzoma N. Nkwonta, D.C. Bar No. 975323
Justin Baxenberg, D.C. Bar No. 1034258
Richard A. Medina, D.C. Bar No. 90003752
Julie Zuckerbrod, D.C. Bar No 1781133
**ELIAS LAW GROUP LLP**
250 Massachusetts Ave, Suite 400
Washington, D.C. 20001
Telephone: (202) 968-4490
Facsimile: (202) 968-4498
unkwonta@elias.law
jbaxenberg@elias.law
rmedina@elias.law
jzuckerbrod@elias.law

*Attorneys for Intervenor-Defendant*

Narendra K. Ghosh, NC Bar No. 37649
**PATTERSON HARKAVY LLP**
100 Europa Drive, Suite 420
Chapel Hill, NC 27517
Telephone: (919) 942-5200
nghosh@pathlaw.com

*Local Civil Rule 83.1(d) Attorney
for Intervenor-Defendant*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this date, I caused the foregoing document to be filed and served on all counsel of record by operation of the CM/ECF system for the United States District Court for the Eastern District of North Carolina.


DATED: October 30, 2024                  */s/ Uzoma Nkwonta*