IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| VIRGINIA WASSERBERG, NORTH CAROLINA REPUBLICAN PARTY, and REPUBLICAN NATIONAL COMMITTEE,<br><br>Plaintiffs,<br><br>v.<br><br>NORTH CAROLINA STATE BOARD OF ELECTIONS; ALAN HIRSCH, in his Official Capacity as the Chair of and a Member of the North Carolina State Board of Elections; JEFF CARMON, in his Official Capacity as the Secretary of and a member of the North Carolina State Board of Elections; KEVIN N. LEWIS, in his Official Capacity as a Member of the North Carolina State Board of Elections; SIOBHAN O'DUFFY MILLEN, in her Official Capacity as a Member of the North Carolina State Board of Elections, STACY "FOUR" EGGERS IV, in his Official Capacity as a Member of the North Carolina State Board of Elections, and KAREN BRINSON BELL, in her Official Capacity as Executive Director of the North Carolina State Board of Elections,<br><br>Defendants,<br><br>and<br><br>NORTH CAROLINA ALLIANCE FOR RETIRED AMERICANS,<br><br>Intervenor-Defendant. | Case No. 5:24-cv-00578-M-RN |

**NORTH CAROLINA ALLIANCE FOR RETIRED AMERICANS'S NOTICE OF JOINDER TO DEFENDANTS' MOTION TO DISMISS**

1

Intervenor-Defendant the North Carolina Alliance for Retired Americans ("the Alliance") joins Defendants' Motion to Dismiss Plaintiffs' Complaint. *See* ECF No. 21.

Plaintiffs have failed to state a claim upon which relief may be granted, and the Complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(6). Neither Numbered Memo 2021-03 nor the State Board's Declaratory Ruling was issued "[i]n excess of the statutory authority . . . of the agency." N.C.G.S. § 150B-51(b)(2); *see* Compl. ¶¶ 55-57, [ECF No. 1-3](ECF No. 1-3) (alleging that the Declaratory Ruling conflicts with Chapter 163 of the General Statutes). State law requires that voters returning absentee ballots must "[p]lace the folded ballots in the container-return envelope and securely seal it." N.C.G.S. § 163-231(a)(3). Sealing an outer envelope, with the container-return envelope inside, ensures that the ballot is securely sealed. Nothing in state law requires the Board to reject ballots that are placed in the container-return envelope and securely sealed in an outer envelope.

Plaintiffs' requested relief would also violate the materiality provision of the Civil Rights Act of 1965. *See* 52 U.S.C. § 10101(a)(2)(B). The thrust of Plaintiffs' Complaint is that a ballot sealed within an outer envelope should not count because the outer envelope does not include the information or certifications required by N.C.G.S. § 163-229(b)—which provides that the absentee ballot application must be printed on the container-envelope. *See* Compl. ¶ 47, [ECF No. 1-3](ECF No. 1-3); *id*. at p. 16. Thus, enforcing N.C.G.S. § 163-231(a)(3) according to Plaintiffs' view of the law would require election officials to reject a qualified voter's ballot solely because it is returned in a sealed envelope that does not contain the ballot application on the *outside*, even though a completed application is placed *inside* and contains all statutory requirements for establishing a voter's eligibility and identity. This is precisely the type of immaterial "error . . . on [a] paper relating to an[] application" the materiality provision guards against. 52 U.S.C. § 10101(a)(2)(B).

1

For these reasons, along with those stated in Defendants' Memorandum in support of their Motion to Dismiss, ECF No. 22, the Alliance agrees that the Complaint should be dismissed for failure to state a claim under Rule 12(b)(6).

Dated: November 6, 2024

Respectfully submitted,

/s/   Narendra K. Ghosh
Narendra K. Ghosh, NC Bar No. 37649
**PATTERSON HARKAVY LLP**
100 Europa Drive, Suite 420
Chapel Hill, NC 27517
Telephone: (919) 942-5200
nghosh@pathlaw.com

*Local Civil Rule 83.1(d) Attorney*
*for Intervenor-Defendant*

Uzoma N. Nkwonta, D.C. Bar No. 975323
Justin Baxenberg, D.C. Bar No. 1034258
Richard A. Medina, D.C. Bar No. 90003752
Julie Zuckerbrod, D.C. Bar No 1781133
**ELIAS LAW GROUP LLP**
250 Massachusetts Ave, Suite 400
Washington, D.C. 20001
Telephone: (202) 968-4490
Facsimile: (202) 968-4498
unkwonta@elias.law
jbaxenberg@elias.law
rmedina@elias.law
jzuckerbrod@elias.law

*Attorneys for Intervenor-Defendant*

## CERTIFICATE OF SERVICE

      I hereby certify that on this date, I caused the foregoing document to be filed and served on all counsel of record by operation of the CM/ECF system for the United States District Court for the Eastern District of North Carolina.

DATED: November 6, 2024            /s/ Narendra K. Ghosh
Narendra K. Ghosh, NC Bar No. 37649
PATTERSON HARKAVY LLP
100 Europa Drive, Suite 420
Chapel Hill, NC 27517
Telephone: (919) 942-5200
nghosh@pathlaw.com