IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:24-CV-00578-M

VIRGINIA WASSERBERG, NORTH
CAROLINA REPUBLICAN PARTY,
and REPUBLICAN NATIONAL
COMMITTEE,

        Plaintiffs,

    v.

NORTH CAROLINA STATE BOARD
OF ELECTIONS, et al.,

        Defendants,

    and

NORTH CAROLINA ALLIANCE FOR
RETIRED AMERICANS,

        Intervenor-Defendant.

**PROPOSED**
**CONSENT JUDGMENT**

THIS MATTER is before the Court for the entry of the following Consent

Judgment. Upon its review of the record in this matter and the representations of

Plaintiffs and Defendants to the Court, the Court finds and concludes as follows:

    1.    On June 11, 2021, Karen Brinson Bell, at the time the Executive

Director of Defendant North Carolina State Board of Elections (the "NCSBE"), issued

Numbered Memo 2021-03, which provided guidance to North Carolina County Boards

of Elections. (Doc. 1-4.) The guidance concerned, among other things, how the county

boards should interpret N.C. Gen. Stat. §§ 163-229, -230, -230.1. Those statutes

pertain to North Carolina voters' use of container-return envelopes when casting mail-in absentee ballots (the "CRE Statutes").

2.      Plaintiffs contend that the Numbered Memo misinterpreted the CRE Statutes.

3.      Accordingly, on May 20, 2024, Plaintiffs submitted a request to the NCSBE for a declaratory ruling pursuant to N.C. Gen. Stat. § 150B-4, seeking a ruling that Plaintiffs' interpretation of the CRE Statutes was correct. (Doc. 1-5.)

4.      On August 2, 2024, the NCSBE issued a declaratory ruling affirming the interpretation expressed in the Numbered Memo (the "Declaratory Ruling" (Doc. 1-6)).

5.      On September 3, 2024, Plaintiffs filed this action in North Carolina Superior Court against the NCSBE, its members, and Ms. Bell in their official capacities (collectively, the "NCSBE Defendants"), challenging the Declaratory Ruling.

6.      Plaintiffs brought their action pursuant to N.C. R. Civ. P. 3, 57, and 65 and N.C. Gen. Stat. §§ 1-253, et seq. and §§ 150B-43, et seq.

7.      In their Complaint and Petition (Doc. 1-3), Plaintiffs specifically requested that the Court:

      a.     Enter a ruling reversing the NCSBE's declaratory ruling concerning container-return envelopes and/or enter a declaratory judgment declaring as follows:

          (1)    The only type of envelope that qualifies as a container-return envelope under the North Carolina General Statutes is an envelope that satisfies all of N.C. Gen. Stat. § 163-229(b)'s requirements; and

(2)     To be counted, an absentee ballot must (a) be received by a county board of elections in a sealed container-return envelope that satisfies all of N.C. Gen. Stat. § 163-229(b)'s requirements and (b) meet all other requirements imposed by the North Carolina General Statutes for valid absentee ballots.

b.     Award injunctive relief to Plaintiffs preliminarily and permanently requiring Defendants to:

(1)     Immediately notify North Carolina's county boards of elections in writing that:

(a)     The only type of envelope that qualifies as a container-return envelope under the North Carolina General Statutes is an envelope that satisfies all of N.C. Gen. Stat. § 163-229(b)'s requirements; and

(b)     To be counted, an absentee ballot must (i) be received by a county board of elections in a sealed container-return envelope that satisfies all of N.C. Gen. Stat. § 163-229(b)'s requirements and (ii) meet all other requirements imposed by the North Carolina General Statutes for valid absentee ballots; and

(c)     Rescind or delete all parts of the Numbered Memo that state or in any way imply that an absentee ballot received by a county board of elections may be counted even if the absentee ballot is not contained in a sealed container-return envelope that satisfies all of N.C. Gen. Stat. § 163-229(b)'s requirements.

8.     On September 24, 2024, Intervenor-Defendant North Carolina Alliance for Retired Americans (the "Alliance") filed a Motion to Intervene. (Doc. 1-13.)

9.     The NCBSE Defendants then removed this case to this Court on October 9, 2024. (Doc. 1.)

10.     In a Text Order entered on October 16, 2024, the Court granted the Alliance permissive intervention pursuant to Fed. R. Civ. P. 24(b).

3

11.     On October 16, 2024, the NCSBE Defendants filed a Motion to Dismiss Plaintiffs' Complaint. (Doc. 21.)

12.     The Court denied a Motion to Remand this case to state court on October 31, 2024. (Doc.  38.)

13.     On November 6, 2024, the Alliance filed a Notice of Joinder to the NCSBE Defendants' Motion to Dismiss. (Doc. 41.)

14.     The NCSBE Defendants' Motion to Dismiss remains pending at this time.

15.     The NCSBE and Plaintiffs agree that, within 60 days of the entry of this Consent Judgment, the NCSBE will reconsider Plaintiffs' previously submitted request for a declaratory ruling with respect to the interpretation of the CRE Statutes[1], as if submitted anew, and will grant the request for a declaratory ruling pursuant to N.C. Gen. Stat. § 150B-4(a1)(1).  This reconsideration may result in the NCBSE altering its position on the interpretation of the CRE Statutes, but the NCSBE is not required to alter that position.  Consistent with N.C. Gen. Stat. § 150B-4(a), any substantive decision on a declaratory ruling request that differs from the previous declaratory ruling would be prospective only. In exchange, Plaintiffs have agreed to a dismissal without prejudice of this lawsuit.

16.     The Parties agree that once the NCSBE has reconsidered Plaintiffs' request for a declaratory ruling, if any Plaintiffs disagree with the NCSBE's ruling,

---

[1]     *See* Plaintiffs' "Request for Declaratory Ruling under N.C. Gen. Stat. § 150B-4", https://s3.amazonaws.com/dl.ncsbe.gov/State_Board_Meeting_Docs/2024-07-29/Declaratory%20Ruling%20Request/2024.05.20%20Request%20for%20Declaratory%20Ruling%20to%20NCSBE.pdf (last visited August 8, 2025).

one or more of the Plaintiffs may challenge the NCSBE's ruling by filing a new legal proceeding.

17.    The parties will bear their own costs and attorneys' fees incurred in this action.


IT IS THEREFORE ORDERED that this lawsuit shall be and hereby is dismissed without prejudice.


This, the _____ day of _____, 2025.


                                      _____
                                        Hon. Richard E. Myers II
                                        Chief United States District Judge


Space left blank intentionally.

5

Stipulated and Agreed to:

For Plaintiffs:

/s/Thomas G. Hooper
Thomas G. Hooper
Baker, Donelson, Bearman,
Caldwell & Berkowitz, P.C.
101 South Tryon Street, Suite 3600
Charlotte, NC 28280
PH: (980) 256-6300
thooper@bakerdonelson.com
N.C. State Bar No. 25571

John E. Branch, III
Baker, Donelson, Bearman,
Caldwell & Berkowitz, P.C.
2235 Gateway Access Point, Suite 220
Raleigh, NC 27607
jbranch@bakerdonelson.com
N.C. State Bar No. 32598

*Counsel for Plaintiffs*

For Defendants:

Sam Hayes
Executive Director of the State Board

JEFF JACKSON
Attorney General

/s/Terence Steed
Terence Steed
Special Deputy Attorney General
N.C. State Bar No. 52809
Email: tsteed@ncdoj.gov

/s/Mary L. Lucasse
Mary L. Lucasse
Special Deputy Attorney General
N.C. Bar No.: 39153
Email: mlucasse@ncdoj.gov

/s/Ryan C. Grover
Ryan C. Grover
Special Deputy Attorney General
N.C. Bar No.: 53703
Email: rgrover@ncdoj.gov

North Carolina Department of Justice
Post Office Box 629
Raleigh, North Carolina 27602
Telephone: (919) 716-6567
Facsimile: (919) 716-6763

6