IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:24-CV-00578-M

| | |
|---|---|
| VIRGINIA WASSERBERG, NORTH CAROLINA REPUBLICAN PARTY, and REPUBLICAN NATIONAL COMMITTEE,<br><br>  Plaintiffs,<br><br>  v.<br><br>NORTH CAROLINA STATE BOARD OF ELECTIONS, et al.,<br><br>  Defendants,<br><br>  and<br><br>NORTH CAROLINA ALLIANCE FOR RETIRED AMERICANS,<br><br>  Intervenor-Defendant. | **MEMORANDUM OF LAW IN SUPPORT OF JOINT MOTION FOR ENTRY OF CONSENT JUDGMENT** |

## INTRODUCTION

Plaintiffs and Defendants have agreed to resolve this litigation and respectfully request that the Court enter a consent judgment memorializing their agreement.

The North Carolina State Board of Elections (the "NCSBE" or the "Board") issued guidance to county boards of elections concerning the interpretation of the North Carolina General Statutes that govern the submission of absentee ballots in container-return envelopes (the "CRE Statutes"). The Board then issued a declaratory ruling on its interpretation of the CRE Statutes. Plaintiffs challenged the

ruling and guidance in this proceeding. Plaintiffs and Defendants have agreed, on the terms outlined in their proposed consent judgment, that the Board will reconsider its ruling and this lawsuit should be dismissed without prejudice.

Plaintiffs and Defendants have filed a joint motion requesting the entry of the proposed consent judgment and now submit this memorandum of law in support of their motion. A copy of the proposed consent judgment is attached to the motion.

## BACKGROUND

On June 11, 2021, the Board issued Numbered Memo 2021-03 (the "Numbered Memo"). (Complaint & Petition ("Complaint") [D.E. 1-3] ¶ 29.)[1] The Board revised the Numbered Memo in January 2024. (Memorandum of Law in Support of Defendants' Motion to Dismiss Plaintiffs' Complaint [D.E. 22] at 7; *see also* Numbered Memo [D.E. 1-4 page 3 n.2].) The Numbered Memo, as revised, provided guidance to North Carolina county boards of elections concerning the counting of absentee ballots returned in unsealed container-return envelopes. (D.E. 1-4 pages 5 to 6.)

On May 20, 2024, Plaintiffs submitted a request[2] to the Board for a declaratory ruling pursuant to N.C. Gen. Stat. § 150B-4. (Complaint ¶ 36.) The request challenged, among other things, the Board's interpretation of the CRE Statutes. (D.E. 1-4 pages 18 to 22.)

---

[1] Upon removing this case to this Court, Defendants filed the Complaint as D.E. 1-3 and filed all exhibits to the Complaint as D.E. 1-4. Defendants filed the Numbered Memo (Exhibit A to the Complaint) as pages 3 to 15 of D.E. 1-4.

[2] Filed as Exhibit B to the Complaint and pages 17 to 25 of D.E. 1-4.

2

On August 2, 2024, the Board issued a declaratory ruling[3] on Plaintiffs' request (the "Declaratory Ruling"). (Complaint, ¶ 39.)

Plaintiffs responded by filing this proceeding on September 3, 2024, naming as Defendants the Board and the Board's members and executive director in their official capacities. Plaintiffs sought, pursuant to the North Carolina Administrative Procedures Act, judicial review and reversal of the Declaratory Ruling's interpretation of the CRE Statutes. (Complaint ¶¶ 54, 60 & Prayer for Relief ¶ A.) Plaintiffs alternatively sought a declaratory judgment under the North Carolina Declaratory Judgment Act declaring in part that, to be counted, an absentee ballot must, among other things, be received by a county board of elections in a sealed container-return envelope. (Complaint ¶¶ 54, 60.b. & Prayer for Relief ¶ A.2.) Plaintiffs also requested injunctive relief. (Complaint, ¶ 61 & Prayer for Relief ¶ B.)

On September 24, a group calling itself the "North Carolina Alliance for Retired Americans" (the "NCARA") filed a Motion to Intervene in this action. (D.E. 1-13.) As the case was pending in North Carolina Superior Court and the NCARA's motion to intervene had not been scheduled for a hearing, the parties had not yet filed briefs on whether the NCARA should be allowed to intervene.[4]

Defendants removed this case to this Court on October 9. (D.E. 1.) In a text-only order entered on October 16, the Court granted the NCARA's Motion to Intervene. Defendants then filed a Motion to Dismiss on October 16. (D.E. 21.) The

---

[3] Filed as Exhibit C to the Complaint and pages 27 to 50 of D.E. 1-4.

[4] *See* N.C. R. Civ. P. 5(a1) (setting the schedule for the submission of briefs in North Carolina Superior Court).

3

NCARA filed a "Joinder to Defendants' Motion to Dismiss" on November 6. (D.E. 41.) The motion to dismiss has been fully briefed and remains pending.

Following the original Board decision and after this proceeding was filed, new members were appointed to the State Board. *See https://www.ncsbe.gov/news/press-releases/2025/05/07/new-state-board-sworn-chairman-elected-executive-director-appointed.*

Following extended negotiations throughout this summer, Plaintiffs, who are represented by attorneys from the law firm of Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C., and Defendants, who are represented by attorneys from the North Carolina Department of Justice, reached an agreement concerning the resolution of this litigation. The Board agreed to reconsider Plaintiffs' previously submitted request for a declaratory ruling, as if submitted anew, and to grant the request for a declaratory ruling pursuant to N.C. Gen. Stat. § 150B-4(a1)(1). (Proposed Consent Judgment ¶ 15.) Plaintiffs and Defendants acknowledged that the reconsideration might result in the Board altering its position on the interpretation of the CRE Statutes but that the Board would not be required to alter its original position. (*Id.*) Plaintiffs and Defendants agreed to request that the Court memorialize their agreement in a proposed consent judgment that also would dismiss the lawsuit without prejudice. (*Id.*) Intervenor-Defendant NCARA refused to agree to the proposed consent judgment.

## ARGUMENT

### I. Standard of Decision

A consent judgment or consent decree is a negotiated agreement with "elements of both judgment and contract and is subject to judicial approval and oversight generally not present in other private settlements." *Szaller v. Am. Nat. Red Cross*, 293 F.3d 148, 152 (4th Cir. 2002) (cleaned up). In deciding whether to enter a proposed consent judgment, a court "should be guided by the principle that settlements are encouraged." *United States v. N. Carolina*, 180 F.3d 574, 581 (4th Cir. 1999). After all, "[b]oth the parties and the general public benefit from the saving of time and money that results from the voluntary settlement of litigation." *United States v. Bank of Am., N.A.,* No. 3:12-cv-605-RJC-DCK, 2012 WL 4808737, at *2 (W.D.N.C. Oct. 10, 2012).

A court should enter a consent judgment or decree if the proposed order "is fair, adequate, reasonable, and is not illegal, a product of collusion, or against the public interest." *N. Carolina*, 180 F.3d at 581 (cleaned up).[5] The court's "assessment does not require the court to conduct a trial or a rehearsal of a trial." *Id.* (cleaned up). "[A] trial court approving a settlement need not inquire into the precise legal rights of the parties nor reach and resolve the merits of the claims or controversy." *Bank of Am.*, 2012 WL 4808737, at *2. Indeed, "it is precisely the desire to avoid a protracted examination of the parties' legal rights that underlies entry of consent orders." *Id.*

---

[5] The U.S. Court of Appeals for the Fourth Circuit has encouraged district courts "to consider the[se] factors . . . in oral or written rulings." *N. Carolina*, 180 F.3d at 581 n.5.

5

Case 5:24-cv-00578-M-RN    Document 64    Filed 09/29/25    Page 5 of 14

Nevertheless, a court "should consider the extent of discovery that has taken place, the stage of the proceedings, the want of collusion in the settlement and the experience of plaintiff's counsel who negotiated the settlement." *N. Carolina*, 180 F.3d at 581 (cleaned up).

II. **The Court should enter the proposed consent judgment.**

As will be shown below, the consent judgment proposed by Plaintiffs and Defendants is fair, adequate, reasonable, and is not illegal, a product of collusion, or against the public interest. Accordingly, the Court should enter the proposed consent judgment.

As an initial matter, the proposed consent judgment is not against the public interest or illegal. In fact, the opposite is true. North Carolina's Administrative Procedures Act specifically allows a state agency to change a declaratory ruling on a going-forward basis. *See* N.C. Gen. Stat. § 150B-4(a) ("An agency may not retroactively change a declaratory ruling, but *nothing in this section prevents an agency from prospectively changing a declaratory ruling*." (Emphasis added.)). This makes sense. If the situation has changed or there is a need to revisit a prior interpretation of a statute and its application, the Board should be permitted to prospectively change the declaratory ruling rather than be compelled to enforce it indefinitely. Here, the newly constituted Board is permitted by state law to consider this matter prospectively.

Moreover, it is prudent to allow the parties to resolve their litigation at a relatively early stage in the proceedings. *See Carcaño v. Cooper*, No. 1:16cv236, 2019 WL 3302208, at *5 (M.D.N.C. July 23, 2019) (approving a consent decree while noting

6

the value of "avoid[ing] the consumption of a significant additional amount of time and expense by the parties, including the public fisc, and allow[ing] the efficient use of judicial resources" (cleaned up)). In this case, the Board has decided not to continue to expend legal fees on this lawsuit and has obtained an agreement that each side must bear their own costs, including legal fees, incurred in this litigation. (Proposed Consent Judgment ¶ 17.)

Furthermore, the consent judgment proposed by Plaintiffs and Defendants is not the product of collusion. It is the result of arm's length, extended negotiations undertaken in good faith between attorneys over the last several months. Each party has been represented by its own counsel in those negotiations. The Board is represented by experienced attorneys from the North Carolina Department of Justice, a separate North Carolina state agency. *See Carcaño*, 2019 WL 3302208, at *6 (noting that the "Executive Branch Defendants are well-represented by the North Carolina Department of Justice"). Plaintiffs are represented by counsel from the 79th largest law firm in the United States.

Importantly, there is no guarantee that the Board will change its position in this matter. Indeed, Plaintiffs and Defendants have specifically agreed in the proposed consent judgment that the Board's "reconsideration *may* result in the NCSBE altering its position on the interpretation of the CRE Statutes, *but the NCSBE is not required to alter that position.*" (Proposed Consent Judgment ¶ 15 (emphasis added).) *See Carcaño*, 2019 WL 3302208, at *6-7 (approving consent decree that did not restrict the policymaking authority of North Carolina's executive

7

branch). The Board will conduct a public hearing when it reconsiders Plaintiffs' request for a declaratory ruling. And, in the event the Board does change its position (or decides not to change its position), aggrieved parties will still have the ability to challenge the Board's decision. *See* N.C. Gen. Stat. § 150B-4(a1)(3); *id.* §§ 150B-43, *et seq*. The proposed consent judgment does not eliminate their ability to do so.

While the Fourth Circuit has encouraged courts to consider the extent of discovery when assessing a consent decree, the terms of the proposed consent judgment in this case make discovery less important to such an assessment. No party is conceding any liability. And no party is paying any other party a sum to compensate for any alleged injuries. Thus, there is no need to look to discovery to inform an assessment of whether a party should be admitting liability or paying a certain amount. Indeed, it benefits the parties to allow them to end this lawsuit without incurring the costs of extended discovery. This matter hinges more on the application of statutory language to a written ruling (and written guidance) than on factual issues that might only be fully evaluated through expansive discovery. *See Carcaño*, 2019 WL 3302208, at * n.10 (noting that, "[w]hile significant discovery can ensure that the court and parties have properly evaluated the claims at issue," discovery is not as important in a case in which "most of the important facts on which the case is based" are public knowledge (citation omitted)).

Thus, the proposed consent judgment proposes a fair, adequate, and reasonable resolution to this litigation. It puts an end to costly litigation. It allows the Board to reconsider its earlier position and modify that position if the Board

determines that the earlier position was incorrect, but it does not require the Board to change that position. The Board will reconsider its position at a public hearing, and any aggrieved parties may seek review of the Board's decision by filing a new legal proceeding. (*See* Proposed Consent Judgment ¶ 16.) Finally, as it would be a court order, the proposed consent judgment would provide Plaintiffs and Defendants with an enhanced level of enforceability not afforded by ordinary settlement agreements. *See Bank of Am.,* 2012 WL 4808737, at *3 (holding that consent order was fair, adequate, and reasonable where the order was the "product of substantial negotiations involving experienced counsel," "provide[d] benefits to both sides and carefully limit[ed] and define[d] the [settlement] agreement's requirements," and "resulted from good faith bargaining" (citation omitted)).

### III. Intervenor-Defendant NCARA's objection does not prevent the Court from entering the proposed consent judgment.

"It has never been supposed that one party—whether an original party, a party that was joined later, or an intervenor—could preclude other parties from settling their own disputes and thereby withdrawing from litigation." *Local No. 93, Int'l Ass'n of Firefighters, AFL-CIO C.L.C. v. City of Cleveland*, 478 U.S. 501, 528-29 (1986). If the rule were otherwise, "one party could hold the other parties hostage in ongoing litigation, and a global settlement or judgment would be the only option." *Sierra Club v. N. Dakota*, 868 F.3d 1062, 1066 (9th Cir. 2017).

Consequently, according to the Supreme Court, "while an intervenor is entitled to present evidence and have its objections heard at the hearings on whether to approve a consent decree, it does not have power to block the decree merely by

9

withholding its consent." *Local No. 93,* 478 U.S. at 529; *see also Home Builders Ass'ns of N. Cal. v. Norton,* 293 F. Supp. 2d 1, 3 (D.D.C. 2002); *Cornerstone Credit Union League v. Consumer Fin. Protection Bureau,* No. 4:25-CV-16-SDJ, 2025 WL 1920148, at *8 (E.D. Tex. July 11, 2025). The right to be heard does not, however, translate into a right to some sort of evidentiary hearing on the merits of a settlement agreement, because "allow[ing] evidentiary hearings on the call of any party allowed to intervene would delay, complicate, and perhaps jeopardize the timely resolution of . . . issues." *Puerto Rico Dairy Farmers Ass'n v. Pagan*, 748 F.3d 13, 20 (1st Cir. 2014) (cleaned up). Rather, the opportunity to object is "all the process . . . [an intervenor] is due." *Local No. 93*, 478 U.S. at 529 (cleaned up); *see Home Builders*, 293 F. Supp. 2d at 3 ("So long as a party is given an opportunity to air its objections . . . a party's lack of consent will not block the entry of a consent decree." (Cleaned up.)).

As noted above, Intervenor-Defendant NCARA has objected to the entry of the proposed consent judgment. But the NCARA's objection should not prevent the Court from entering the proposed consent judgment.

The proposed consent judgment memorializes a settlement between only Plaintiffs and Defendants. And under the terms of that agreement, Plaintiffs agree to a dismissal of this lawsuit without prejudice and the Board agrees to prospectively "reconsider Plaintiffs' previously submitted request for a declaratory ruling, as if submitted anew." (Proposed Consent Judgment ¶ 15.) The NCARA does not have the power to prevent either of those events from happening.

10

It is true that there are limits to consent decrees. For example, "parties who choose to resolve litigation through settlement may not dispose of the claims of a third party, and *a fortiori* may not impose duties or obligations on a third party, without that party's agreement." *Local No. 93*, 478 U.S. at 529. Consistent with this law, the proposed consent judgment in this case does not, in fact, purport to dispose of any claims asserted by the NCARA. Indeed, the NCARA has not even alleged any claims in this proceeding. Nor does the proposed consent judgment purport to impose any obligations on the NCARA. *See Johnson v. Lodge #93 of Fraternal Order of Police*, 393 F.3d 1096, 1107 (10th Cir. 2004) (affirming consent decree that did not "bind . . . [intervenor] to do or not to do anything, []or impose any legal obligations on . . . [intervenor]"). Only Plaintiffs and the Board bear any obligations under the proposed consent judgment.

Furthermore, the proposed consent judgment dismisses this lawsuit *without prejudice*. Thus, it does not bar *any party* from later litigating the merits of a claim or defense. *See Semtek Intern. Inc. v. Lockheed Martin Corp.,* 531 U.S. 497, 505-06 (2001) (discussing the implications of a dismissal without prejudice). Notably, the Board might decide when it reconsiders Plaintiffs' previously submitted request for a declaratory ruling that its earlier declaratory ruling was correct, which has been the NCARA's position in this case from the litigation's inception. (*See* North Carolina Alliance of Retired Americans' Reply in Support of Mot. to Dismiss (D.E. 49).) The proposed consent judgment specifically reserves the Board's right to make such a determination. But even if the Board decides to reverse its position going forward,

11

the proposed judgment would not change whatever ability the NCARA might possess to challenge the Board's later ruling.

Accordingly, the Court should enter the proposed consent judgment and dismiss this action without prejudice, notwithstanding the NCARA's objections.

## CONCLUSION

Plaintiffs and Defendants respectfully request that the Court enter their proposed consent judgment and retain continuing jurisdiction to the extent necessary to enforce the consent judgment once it is entered.

**[SIGNATURES ON FOLLOWING PAGE]**

This, the 29th day of September 2025.

| | |
|---|---|
| /s/Thomas G. Hooper<br>Thomas G. Hooper<br>Baker, Donelson, Bearman,<br>Caldwell & Berkowitz, P.C.<br>101 South Tryon Street, Suite 3600<br>Charlotte, NC 28280<br>(980) 256-6300<br>thooper@bakerdonelson.com<br>N.C. State Bar No. 25571<br><br>John E. Branch, III<br>Baker, Donelson, Bearman,<br>Caldwell & Berkowitz, P.C.<br>2235 Gateway Access Point, Suite 220<br>Raleigh, NC 27607<br>jbranch@bakerdonelson.com<br>(984) 844-7907<br>N.C. State Bar No. 32598<br><br>*Counsel for Plaintiffs* | JEFF JACKSON<br>Attorney General<br><br>/s/ Laura H. McHenry<br>Laura H. McHenry<br>Special Deputy Attorney General<br>Bar No. 45005<br>lmchenry@ncdoj.gov<br><br>/s/ Terence Steed<br>Terence Steed<br>Special Deputy Attorney General<br>N.C. State Bar No. 52809<br>Email: tsteed@ncdoj.gov<br><br>/s/ Mary L. Lucasse<br>Mary L. Lucasse<br>Special Deputy Attorney General<br>Bar No. 39153<br>mlucasse@ncdoj.gov<br><br>/s/ Ryan C. Grover<br>Ryan C. Grover<br>Special Deputy Attorney General<br>Bar No. 53703<br>rgrover@ncdoj.gov<br><br>North Carolina Dept. of Justice<br>Post Office Box 629<br>Raleigh, N.C. 27602<br>Tele No.: (919) 716-6900<br>Fax No.: (919) 716-6763<br><br>*Counsel for State Board Defendants* |

**CERTIFICATE OF SERVICE**

I hereby certify that on this day, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send electronic notification of the filing to all counsel who have filed notices of appearance in this case.

This, the 29th day of September 2025.

/s/Thomas G. Hooper
Thomas G. Hooper
Baker, Donelson, Bearman,
Caldwell & Berkowitz, P.C.
101 South Tryon Street, Suite 3600
Charlotte, NC 28280
(980) 256-6300
thooper@bakerdonelson.com
N.C. State Bar No. 25571

*Counsel for Plaintiffs*