IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

Case No. 5:24-CV-00578-M

| | |
|---|---|
| VIRGINIA WASSERBERG, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>NORTH CAROLINA STATE BOARD OF ELECTIONS, et al.,<br><br>    Defendants,<br><br>and<br><br>NORTH CAROLINA ALLIANCE FOR RETIRED AMERICANS,<br><br>    Intervenor-Defendant. | ORDER |

This matter comes before the court on the Plaintiffs' and Defendants' Joint Motion for the Entry of Consent Judgment. DE 64. Intervenor-Defendant opposes the motion but has not filed any response. For the following reasons, the motion is GRANTED.

A court should enter a consent judgment or decree if the proposed order "is fair, adequate, reasonable, and is not illegal, a product of collusion, or against the public interest." *United States v. N. Carolina*, 180 F.3d 574, 581 (4th Cir. 1999) (cleaned up). "[W]hile an intervenor is entitled to present evidence and have its objections heard at the hearings on whether to approve a consent decree, it does not have power to block the decree merely by withholding its consent." *Local No. 93, Int'l Ass'n of Firefighters, AFL-CIO C.L.C. v. City of Cleveland*, 478 U.S. 501, 529 (1986).

The proposed consent judgment is fair, adequate, and reasonable. It ends costly litigation, directs each party to bear its own costs, and allows the Board of Elections to reconsider its earlier

position without requiring the Board to change its position. Likewise, the consent judgement is neither illegal, the product of collusion, nor against the public interest. The agreement is the result of arm's length, extended negotiations, and each party has been represented by its own attorneys. The Board of Elections has been represented by the North Carolina Department of Justice, an independent state agency. Plaintiffs are represented by attorneys from a large law firm. Most importantly, the agreement is in the public interest. It allows the Board of Elections to do its job: ensuring that elections in North Carolina happen in a fair and legal manner.

After careful review of the record in this matter and consistent with the expressed wishes of the parties, the court's judgment is as follows.

1. On June 11, 2021, Karen Brinson Bell, at the time the Executive Director of Defendant North Carolina State Board of Elections (the "NCSBE"), issued Numbered Memo 2021-03, which provided guidance to North Carolina County Boards of Elections. DE 1-4. The guidance concerned, among other things, how the county boards should interpret N.C. Gen. Stat. §§ 163-229, -230, -230.1. Those statutes pertain to North Carolina voters' use of container-return envelopes when casting mail-in absentee ballots (the "CRE Statutes").

2. Plaintiffs contend that the Numbered Memo misinterpreted the CRE Statutes.

3. Accordingly, on May 20, 2024, Plaintiffs submitted a request to the NCSBE for a declaratory ruling pursuant to N.C. Gen. Stat. § 150B-4, seeking a ruling that Plaintiffs' interpretation of the CRE Statutes was correct. DE 1-5.

4. On August 2, 2024, the NCSBE issued a declaratory ruling affirming the interpretation expressed in the Numbered Memo (the "Declaratory Ruling" (DE 1-6)).

5. On September 3, 2024, Plaintiffs filed this action in North Carolina Superior Court against the NCSBE, its members, and Ms. Bell in their official capacities

(collectively, the "NCSBE Defendants"), challenging the Declaratory Ruling.

6. Plaintiffs brought their action pursuant to N.C. R. Civ. P. 3, 57, and 65 and N.C. Gen. Stat. §§ 1-253, et seq. and §§ 150B-43, et seq.

7. In their Complaint and Petition, DE 1-3, Plaintiffs specifically requested that the court:

    a. Enter a ruling reversing the NCBSE's declaratory ruling concerning container-return envelopes and/or enter a declaratory judgment declaring as follows:

        (1) The only type of envelope that qualifies as a container-return envelope under the North Carolina General Statutes is an envelope that satisfies all of N.C. Gen. Stat. § 163-229(b)'s requirements; and

        (2) To be counted, an absentee ballot must (a) be received by a county board of elections in a sealed container-return envelope that satisfies all of N.C. Gen. Stat. § 163-229(b)'s requirements and (b) meet all other requirements imposed by the North Carolina General Statutes for valid absentee ballots.

    b. Award injunctive relief to Plaintiffs preliminarily and permanent requiring Defendants to:

        (1) Immediately notify North Carolina's county boards of elections in writing that:

            (a) The only type of envelope that qualifies as a container-return envelope under the North Carolina General Statutes is an envelope that satisfies all of N.C. Gen. Stat. § 163-229(b)'s requirements; and

            (b) To be counted, an absentee ballot must (i) be received by a county board of elections in a sealed container-return envelope that satisfies all of N.C. Gen. Stat. § 163-229(b)'s requirements and (ii) meet all other

3

requirements imposed by the North Carolina General Statutes for valid absentee ballots; and

(c) Rescind or delete all parts of the Numbered Memo that state or in any way imply that an absentee ballot received by a county board of elections may be counted even if the absentee ballot is not contained in a sealed container-return envelope that satisfies all of N.C. Gen. Stat. § 163-229(b)'s requirements.

8. On September 24, 2024, Intervenor-Defendant North Carolina Alliance for Retired Americans (the "Alliance") filed a Motion to Intervene. DE 1-13.

9. The NCBSE Defendants then removed the case to this court on October 9, 2024. DE 1.

10. In a Text Order entered on October 16, 2024, the court granted the Alliance permissive intervention pursuant to Fed. R. Civ. P. 24(b).

11. On October 16, 2024, the NCSBE Defendants filed a Motion to Dismiss Plaintiffs' Complaint. DE 21.

12. The court denied a Motion to Remand this case to state court on October 31, 2024. DE 38.

13. On November 6, 2024, the Alliance filed a Notice of Joinder to the NCSBE Defendants' Motion to Dismiss. DE 41.

14. The NCSBE Defendants' Motion to Dismiss remains pending at this time.

15. The NCSBE and Plaintiffs agree that, within 60 days of the entry of this Consent Judgment, the NCSBE will reconsider Plaintiffs' previously submitted request for a declaratory ruling with respect to the interpretation of the CRE Statutes, as if submitted anew, and will grant the request for a declaratory ruling pursuant to N.C. Gen. Stat. § 150B-

4

4(a1)(1). This reconsideration may result in the NCBSE altering its position on the interpretation of the CRE Statutes, but the NCSBE is not required to alter that position. Consistent with N.C. Gen. Stat. § 150B- 4(a), any substantive decision on a declaratory ruling request that differs from the previous declaratory ruling would be prospective only. In exchange, Plaintiffs have agreed to a dismissal without prejudice of this lawsuit

16. The Parties agree that once the NCSBE has reconsidered Plaintiffs' request for a declaratory ruling, if any Plaintiffs disagree with the NCSBE's ruling, one or more of the Plaintiffs may challenge the NCSBE's ruling by filing a new legal proceeding.

17. The parties will bear their own costs and attorney's fees incurred by this action.

In accordance with the Parties' agreement, this lawsuit is DISMISSED WITHOUT PREJUDICE. The Clerk of the Court is directed to close this case.

SO ORDERED this 4th day of December, 2025.

*Richard E Myers II*

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE